THOMAS SUMNER *v.* AMOS A. BROWN, APPT.

*Attachment    Election.    Waiver.    Referee.    Amendment.*

If one, who has two cows at the time one of them is taken under a writ of attachment, sues the attaching officer in trespass, on the ground that the cow taken was his only cow and therefore exempt from attachment under the statute, supposing at the time that the other cow in his possession belonged to his deceased wife's estate, he cannot, on failing to establish the latter fact, change the ground of his action by claiming the right to elect which of the two cows should be treated as exempt. Such right of election if it existed at all, must, under the circumstances, be, regarded as having been waived, as he did not attempt to exercise it at the time of attachment.

If a referee hears and determines other matters than those embraced in the issue formed in the case referred to him, it is not error, provided the other matters are such as might be brought into the case under any amendment which the county court could legally have allowed the party to make to his pleadings.

Sumner *v.* Brown.

Such amendments to the pleadings are liberally allowed by the courts as tend
ing to promote trial and determination on the subject matter in controversy
upon which the action was originally really based ; but no amendment can
be allowed which introduces into the case a new substantive cause of action
different from that declared upon and different from that which the party
intended to declare upon when he brought his action.

Therefore, where the plaintiff,. who had only two cows, and had sued the
defendant, who was deputy sheriff, in trespass for attaching one of the
cows, on the ground that the cow was exempt from attachment by law
offered on the trial before a referee to prove that on the next day after the
cow in suit was attached, the defendant came and took away the other cow
also, and converted her to his own use ; *Held* that such proof could not
have been properly admitted by the referee.

TROVER, with a count in trespass for taking a certain " red
lined-back cow." Plea, the general issue with a notice of justi-
fication under legal process.

The case was referred and the referee reported the following
facts :—The cow in question was taken by the defendant as dep-
uty sheriff upon a writ of attachment issued in favor of one
Brown against the plaintiff. There was no question made as to
the legality of the proceedings. The plaintiff claimed that it was
his only cow and not liable to attachment. The plaintiff was not
consulted and gave no leave concerning the attachment. The
plaintiff testified that the cow in suit was his only cow, but on
cross-examination testified, and the referee found that from ten
to fifteen years before the plaintiff's father-in-law gave the plain-
tiff's wife a cow which was kept upon the farm and used as his
other stock, except that he supposed the title to her to be in his
wife. This cow was milked and fed with the other cows. The
plaintiff kept her five or six years, and fattened and killed her, and
used the beef in his family. Before this cow was butchered she had
a calf which was grown upon the farm and became a red cow,
and was on the farm at the time of the attachment of the cow in
suit and was some eight or ten years old. She had always been
treated by the plaintiff as his other cows, except that he supposed
the title to her to be in his wife or her estate. The plaintiff's
wife died in the spring before the attachment of the cow in suit and
at her decease this cow was upon the farm occupied by the plain-
tiff and his family, and the plaintiff supposed that she belonged

to his wife's estate. The title to the farm was in the plaintiff's wife at her decease. The plaintiff continued to occupy the farm as he had done down to and after the attachment. At this stage of the proof the plaintiff offered to prove that the next day after the cow in suit was attached, the defendant came and took away the red cow also and converted her to his use; to which the defendant objected and the referee excluded the proof; and found that the cow in suit was not the plaintiff's only cow, unless from the facts above set forth the court as matter of law should decide that the red cow was not the defendant's property.

The county court, at the September term, 1860, REDFIELD, CH. J., presiding, rendered judgment, on the above report, for the defendant to recover his costs, to which the plaintiff excepted.

*Davenport & Haskins*, for the plaintiff.

*P. T. Washburn*, for the defendant.

PIERPOINT, J. It is conceded in the argument, that, on the facts reported by the referee, the plaintiff was the owner of two cows at the time the attachment was made and the cow taken by the defendant for which this suit is brought. When this cow was taken the other was left, so that the plaintiff had still the number exempt from attachment. The plaintiff now claims that under the statute, he had the right to elect which of the two cows should be the "one cow" exempt by the statute. Without attempting to decide the question as to the right of the debtor to elect in such case, or to express any opinion as to the construction that should be put upon the statute, it is sufficient here to say that if the plaintiff had the right, he did not exercise it, or attempt to exercise it at the time. He did not then suppose he had but one cow, but claimed that the cow now in question was his only cow and was not subject to attachment. The red cow referred to, he insisted, belonged to the estate of his deceased wife, and, continued so to claim at the time he brought this suit, and up to the time of trial before the referee, and the main question litigated there was whether or not the red cow belonged to him. Of course it is not to be supposed that he attempted to make

any election between the two cows, as it would have been direct-ly at variance with his claim, and at war with the whole theory of his case. Having taken that position, and maintained it man-fully, until he is fairly driven from it by the report of the referee, it is now too late for him to say, I will change my ground and elect of the two cows that I am found to be the owner of, the one I have sued for and thus be enabled to recover.

The right to elect, if it existed at all, under the circumstances of this case, must be regarded as having been waived.

Upon the trial before the referee " the plaintiff offered to prove that the next day after the cow in suit was attached, the defen-dant came and took away the red cow also, and converted her to his use. " Upon the pleadings in the case, as it stood before the referee, there can be no question that this evidence was inadmissible, as having no tendency to prove the issue ; if the testimony had been admitted, and a recovery had thereon, it would have been for a different trespass and for different prop-erty than that declared for in the declaration. But it is insisted that the county court might have allowed the plaintiff to amend his declaration so as to make the evidence admissible, and enable him to recover for the red cow, if he succeeded in making the necessary proof, and that therefore the evidence should have been admitted by the referee.

The rule is well settled in this state by repeated decisions that if the referee proceeds to hear and determine other matters than those embraced in the issue formed in the case referred to him, it is not error, and the report will not, for that reason, be set aside, provided the other matters are such as the party might bring into, and have determined in the case, under any amend-ment the county court might legally have allowed the party to make in the pleadings. Whether it would be error in the referee to refuse to hear and determine such matters outside of the issue is not not the question now under consideration ; but the ques-tion is, could the county court have *legally* allowed an amend-ment that would have made such testimony admissible in this case. Courts in this, as in other states, are inclined to go to the extreme verge of liberality in allowing parties so to amend the pleadings as to permit the trial and determination of the the real subject

matter in controversy, upon which the matter was originally really based. that which the party brought his action to recover for, and what he and his attorney supposed he was declaring for. This rule may have some qualifications, but it is not necessary here to enquire what they are. On the other hand our courts have adhered rigidly to the rule that no amendments are to be allowed, which introduce into the case a new substantive cause of action, different from the one declared upon, and different from that which the party intended to declare upon, and recover for when he brought his action. This rule we believe has never been departed from in this state and we see no reason why it should be.

The offer in this case was to prove a new and different cause of action, a trespass committed at a different time, by the taking of a different article of property, and one that is not described in the declaration, and which the party did not intend to recover for when he brought his action and which at the time he commenced his suit he honestly supposed he did not own.

This we think could not have been made admissible by any amendment that the county court could have legally made, and it was properly rejected.

Judgment affirmed.