ALFRED LADD *v.* LORD & GILLETT.

*Referee's Report.   Landlord and Tenant.   Partnership.   False Representations.   Tort.   Damages.   Practice.   Depositions.*

A report of a referee will not be set aside for any defects which might be cured by amendment.

Where a landlord puts a yoke of oxen on his farm for his tenant's use, and he and his tenant appraise them, and agree that they will share in the profit or loss upon their appraised value, and afterwards agree that the tenant shall sell them at a certain price, which he does, and makes a false representation as to their soundness, but the landlord affirms the trade and receives

Ladd *v.* Lord et al.

the fruit of it; it is *held,* that both parties are liable for the wrongful act of the tenant, whether the relation between them be that of partners, joint owners or principal and agent, though the landlord did not know of the unsoundness, or that the tenant made any false representations in respect to them.

Where a yoke of oxen were purchased for work and were represented to be sound, but proved to be unsound, and by reason of their unsoundness were worth $25 less for work and $10 less for beef, it is *held,* that damages for the larger sum may be recovered.

Depositions taken to be used in a case which is referred, need not be filed with the clerk before being opened by the referee or auditor, but the latter should file them as opened by him.

ACTION on the case for false representations as to the sound- of a yoke of oxen.

The case was referred and the referee reported in substance as follows : The defendant Gillett owned a farm in Thetford, Vt., which the defendant, Lord, carried on one year, beginning with the first of March, 1860.   Gillett put a yoke of oxen on the farm for Lord to use, at an appraised value of $114, Lord to pay the interest on one half of their appraised value, and both to share in the profit if they sold for more than $114, and in the loss if they sold for less than that sum.   Lord had no further interest in the oxen except the right to use them on the farm.

In the fall of the year they agreed that the oxen should be sold for $100.   Afterwards one of the oxen was lamed while being used by Lord.   Gillett was notified of this the same day it happened.   The fact of the lameness also came to the knowledge of the plaintiff in a day or two after.

Soon after this, the plaintiff wishing to buy a good pair of working oxen, called on the defendant, Lord, told him what he wanted, and finally offered $93 for these oxen, but did not then notice any lameness.   In a week or two after, he saw Lord again, and talked with him about purchasing the oxen, and asked him if the ox that was lamed had got over his lameness ; Lord replied that he had ; and the plaintiff bought the oxen and paid $100 for them, believing that the lamed ox had got well.

This ox however continued lame, so that the plaintiff could

Ladd *v.* Lord et al.

not use him, and he was finally compelled to feed them for beef. The referee found that Lord knew the ox was lame when he sold them.

He also reported that the oxen were worth $25 less for working oxen by reason of the lameness than if both had been sound, and that they were worth $10 less for beef, and that if the plaintiff was entitled to recover at all, he should recover the larger of these sums.

Gillett affirmed the trade, and received from Lord the $100 paid for the oxen, but did not know that the ox was lame when sold, or what was said by Lord to the plaintiff, nor did it appear that Gillett knew that Lord made any false representations. The plaintiff offered in evidence the depositions of William Moody and John McClary, which were objected to on the ground that they had not been filed in the county clerk's office, but were presented to and opened by the referee at the hearing before him.

The refree overruled the objection and admitted the depositions.

The case was heard on exceptions by defendant to the report of the referee.

The court, January Term, 1863, PECK, J., presiding, overruled the exceptions and rendered judgment for the plaintiff for the larger sum found by the referee. Exceptions by the defendant.

*Wm. Hebard*, for defendants.

The plaintiff is not entitled to judgment against both defendants because they were not partners. *Bowman et al.* v. *Bailey*, 10 Vt. 170; *Boardman* v. *Keeler et al.*, 2 Vt. 65; *Stearns* v. *Haven et al.*, 16 Vt. 87; *Tobias* v. *Blin*, 21 Vt. 544.

One partner is not liable for the tort of another, Coll. on Part. 225, sec. VI. Lord was not the agent of Gillett in selling the oxen. Gillett did not adopt the fraudulent part of the sale, as he did not know the ox was lame when sold, or that Lord committed any fraud in making the sale. If Lord was the agent of Gillett, still Gillett would not be liable for Lord's torts, unless they came within his instructions, or were adopted by Gillett. Judgment cannot be recovered against one and not against both. The

declaration is not supported by the poof. *Vail* v. *Strong,* 10 Vt. 457 ; *Wright* v. *Geer et al.,* 6 Vt. 151. The depositions of Moody and McClary were taken to be used before the county court, and should have been opened by the clerk. But if the plaintiff is entitled to judgment it should be for the smaller sum. The rule of damage in such a case is the difference between what the property is worth as it is, and what it would be if sound.

*S. M. Gleason & C. W. Clark,* for the plaintiff, cited to show that the defendants were partners, *Brigham* v. *Dana,* 29 Vt. 1 ; and that being partners, Gillett is bound by the false representations of Lord, although made without his knowledge. Coll. on Part. 241, *et seq.; Lark* v. *Stearns,* 1 Met. 560 ; *Boardman* v. *Gore et al.,* 15 Mass. 331 ; *Hume* v. *Bullard,* 21 E. C. L. 770 ; *Petrie* v. *Lamont,* 41 E. C. L. 58. The referee is an officer of the court and may open depositions as well as the clerk. *Brigham* v. *Abbott,* 21 Vt. 455.

ALDIS, J. This case comes before us upon a report of referees —and by the established practice in such cases the report will not be set aside for any defects which might be cured by amendment. It is the object of the parties in selecting such a tribunal to try the merits of their controversy. Hence the question of variance may be passed by without further comment.

The real question is whether both of these defendants can be held liable upon the facts reported.

We do not deem it necessary to inquire what the relation between these parties was—whether that of partners, joint owners, or principal and agent. For if it was either of these we think both would be liable. As to the liability of the defendant Lord, there seems but little opportunity to question it. He had some interest in the property sold, a community of profit or loss and made the fraudulent representation. It is sought to relieve Gillett on the ground that he was not privy to the fraud, did not not know of it or have anything to do with it.

But he owned an interest in the oxen, and whether partner, joint owner or principal, he authorized Lord to sell them—for

this particular transaction, gave him all the authority that a general agent would have had.

Nor is this all. After knowing of the trade he has affirmed it and received the fruits of it. The increased price obtained by the fraud has in fact all of it gone into his pocket.

The rule as to partners, is this, if the tort is done in the business of the firm, in the due course of its dealings, and it is the business of the firm that gives the opportunity for the wrong inflicted, then the firm is liable; and especially is this the case where the other partner has affirmed the contract, and has received the benefit of the wrongful act, 1 Parsons on Cont. p. 162; Coll. on Part. p. 242.

As to fraudulent representations in the sale of partnership property, the authorities all concur in holding the firm liable for the wrongful act of a single partner. So if we regard Gillett as the principal and Lord as agent in the sale of the oxen, the result must be the same. He was acting within the scope of his authoity in selling the oxen. The sale has been affirmed by the principal, and he has received the avails of the fraud.

For fraudulent representations of the agent causing injury to an innocent person, the principal is responsible. He holds him out as one whose representations may be relied upon in the matter of his agency, and if they prove false he must make them good. Paley on Agency, 197 *et seq.;* 1 Pars. on Cont. 63; 13 Wend. 518; *Fitzsimmons* v. *Joslin,* 21 Vt. 129.

Nor is the liability for the fraud alone upon the contract,— case lies against the partner or agent for the deceit. The rule of damages was right. The report finds in substance, that if sound they would have sold as working oxen for $25 more than they were worth to the plaintiff as they were.

The depositions need not be filed with the clerk before being opened by the referee or auditor when taken to be used in such a case. We think the universal practice has been in such cases, to produce them before the referee or auditor. He then opens them and should file them as opened by him. He is an officer of court and producing them before him is bringing them into court.

The judgment of the county court is affirmed.