WINDHAM PROVIDENT INSTITUTION FOR SAVINGS *v.* LEWIS N. SPRAGUE AND OTHERS.

*Reference. Agency. Ratification. Corporation. Charter. Liability of Stockholders.*

The supreme court will affirm a judgment on the report of a referee, whenever, without changing the nature of the action, the declaration could be so amended as to accommodate itself to the facts found by the referee.

The appropriation by a corporation of money received on a promissory note executed as the instrument of the company by an agent without authority, is a ratification of the unauthorized act and makes the note a valid note of the company.

Upon an infraction of a provision in the charter of a corporation as follows: "This company shall not at any time contract debts exceeding three fourths the amount of its capital paid in; and, if such indebtedness shall exceed the amount aforesaid, the directors and stockholders shall be personally holden to the creditors of said company," it is *held* that the directors and stockholders became jointly holden for the debts of the company; no remedy in respect to said provision being incorporated into the charter. But this liability rests only on those who are directors or stockholders when the charter is so infringed, not on those who may have become directors or stockholders when a suit is brought.

If the act creating a new liability provides the remedy also, that remedy must be followed, and is the only remedy the creditors have; but where a new liability is created by the charter, but no remedy is provided, the party may resort to the common law remedy.

\* THIS action was referred and the referee reported substantially as follows :

The suit in this case was brought for the money which was paid by the plaintiff to the Jamaica Leather Company, as the consideration for executing and delivering a promissory note to the plaintiff of four thousand dollars, purporting to be signed by said company and certain sureties. The plaintiff is seeking to recover of the defendants the debt above named by virtue of the personal liability clause in the seventh section of the act incorporating said Leather Company.

Said company was chartered in 1858, by the legislature of Vermont, and was duly organized in 1859.

The seventh section of the act of incorporation provides that " this company shall not at any time contract debts exceeding three fourths the amount of its capital paid in ; and, if such indebtedness shall exceed the amount aforesaid, the directors and stockholders shall be personally holden to the creditors of said company." The by-laws of said company were adopted by the stockholders, August 23, 1859.

### BY-LAWS.

" SEC. 5th. It shall be the duty of the directors to engage all necessary agents and employees and generally to manage and control all the affairs and employees of the corporation. A majority of directors shall constitute a quorum."

" SEC. 13th. It shall be the duty of the directors to provide who may negotiate and endorse the business paper of the corporation."

" SEC. 20th. All officers shall be stockholders, and whenever any officer shall sell out his stock the office shall become vacant."

Section 9, of the by-laws as amended January 23d, 1864, is as follows :

" SEC. 9. The credit of this corporation shall only be pledged by the consent and approval of either the president, treasurer, or agent."

Lewis N. Sprague, one of the defendants, was secretary of said corporation and *ex-officio* clerk of the board of directors from the 4th day of January, 1864, to the 12th day of June, 1866, when he resigned said offices. He was elected a director of said company at the first annual meeting of the stockholders holden in the years 1862–66 inclusive, and acted officially from the date of his election until the close of the meeting held by said board of di-

---

\* It did not appear what the form of action was except in the briefs of counsel, where it is stated to have been an action of debt.

rectors on the 14th day of July, 1866, after which date he did not attend any meeting of the directors.

Sprague was a stockholder while' he was in the employment of the company, and sold sixty shares of his stock to M. S. Colburn, December 24, 1866, and eight shares to Laura A. Carr, a married woman, April 4, 1867. He has not been a stockholder since the date last mentioned.

A majority of the board of directors appointed H. J. Livermore, who never was a stockholder of the company, to the agency which Sprague had resigned. Livermore commenced his service June 21, 1866, but his appointment was not entered upon the record book of the directors till the 14th day of the following July, which is the date of Sprague's first knowledge that Livermore's employment was to continue for any length of time. Livermore professed to act as the agent of the company, and was recognized as such agent by a majority of the board of directors, from June 21, 1866, until some time in the month of March, 1868. When Sprague resigned the agency, the company was deeply in debt, and there was a large amount of overdue paper against it, which the holders were pressing for payment. These facts were known to Sprague. To procure the funds necessary to discharge some of these debts, the treasurer, with the approval of a majority of the board of directors, negotiated with the plaintiff for a loan to the company of four thousand dollars. A note, a copy of which is hereto annexed, was executed and delivered to the plaintiff for the plaintiff's loan aforesaid. The proceeds of said note were received by the treasurer, and were by him used in paying the debts against the company. Sprague had no knowledge of this loan until after it had been consummated, and the proceedings of the directors in regard to it were not recorded. Excepting the indorsements, no part of said note has been paid.

At the date of said note to the plaintiff, July 12, 1866, the paid-in capital stock of the company was seventeen thousand five hundred and fifty dollars, and then the indebtedness of the company exceeded in amount three fourths of said capital stock. At the date of the writ in this suit the indebtedness of the company was less in amount than three fourths of said capital stock. The present assets of the company consist of notes and claims amounting to from four to six thousand dollars, nearly all of which are considered to be utterly worthless.

At the date of the plaintiff's said note, the stockholders of the company were the defendants; also, John E. Butler, who died May 9, 1867 ; Martha C. Bacon, then and now a married woman; Silas Merrifield, E. L. Merrifield, P. C. Hastings, D. Darrow and

Elijah Sheddon, of New York City; O. P. Ramsdell, of Buffalo, New York; C. A. Avery, of Painsville, Ohio; Freeman Hall, of Boston, Mass.; Albert Pierce, then of Jamaica and now of Worcester, Mass.; and Henry A. Butler, then of Jamaica. No service of the writ in this case was made upon E. L. Merrifield, who at the time owned shares of the capital stock of the West River National Bank located at said Jamaica. The defendant, H. G. Barnes, had not been a stockholder since the sale of his stock on the 20th day of March, 1868. Albert Pierce was living at Worcester, Mass., and Henry A. Butler, at Chicago, Ill., at the time the writ was served. O. P. Ramsdell sold his shares of the capital stock to L. N. Sprague, who transferred them to M. S. Colburn, Dec. 24, 1866, and before the service of the writ. No proceedings in this suit have been had against the estate of John E. Butler. The plaintiff's said note was allowed against said Butler's estate by the commissioners of claims appointed by the probate court; but said commissioners have as yet made no return to said probate court of their doings. All who were stockholders at the date of said note to the plaintiff, and who were living in this state at the date of the writ and service thereof, except married women, were made defendants, and were served with notice of the process. All stockholders, non-residents of the state at the date of said note to the plaintiff, who had any property in the state when the writ was served, except E. L. Merrifield, were duly served with notice of the process. This suit was brought at the suggestion and by the direction of the parties who signed the note as sureties.

COPY OF NOTE.

$4000.                                        BRATTLEBORO, July 12, 1866.

For value received, we jointly and severally promise to pay the Windham Provident Institution for Savings, or order, four thousand dollars on demand with interest semi-annually.

JAMAICA LEATHER COMPANY.
HAMMOND J. LIVERMORE, *Agent*.
J. E. BUTLER, *Surety*.
CHARLES D. READ, *Surety*.
CLARK YOUNG, *Surety*.

Approved.                          HAMMOND J. LIVERMORE, *Surety*.

The report of the referee was very long, and the above is only that portion essential to be here stated.

The defendants, L. N. Sprague and H. G. Barnes, excepted to the report.

64

The county court, at the September term, 1870, BUTTERFIELD, Assistant J., presiding, having accepted the report, and overruled the exceptions filed by defendants L. N. Sprague and H. G. Barnes, and rendered judgment, *pro forma*, for the plaintiffs to recover $3136.35, defendants L. N. Sprague and H. G. Barnes excepted.

*A. Stoddard*, for the defendant Barnes.

*Charles N. Davenport*, for the defendant Sprague.

The plaintiff is not entitled to recover of defendant Sprague, in this form of action, if in any. The plaintiff's action is debt, counting upon an assumed original liability of such persons as were stockholders at the time this debt was contracted. The corporation is not made a party, and this declaration contains no allegation of its dissolution, or of its inability to discharge this and all other corporate debts.

From the facts in this case, it follows that the corporation is a necessary party defendant to any suit that may be brought to enforce the individual liability of the stockholders. *Dauchy* v. *Brown et al.*, 24 Vt., 197 ; *Bogardus* v. *Rosendale Man'f. Co.*, 3 Selden, (N. Y.,) 147.

Where the act incorporating the company creates a personal liability upon the stockholders, the liability is not original, but that of a guarantor. *Hicks* v. *Burns*, 38 N. H., 141 ; *Middletown Bank* v. *Magill*, 5 Conn., 28 ; *Dauchy* v. *Brown et al.*, 24 Vt., 197 ; *Knowlton* v. *Ackley*, 8 Cush., 93.

A court of equity is the only tribunal to which the plaintiff should be permitted to resort. *Masters* v. *Lead Min. Co.*, 2 Sandf. Ch., 301 ; *Morgan* v. *N. Y. & Albany R. R. Co.*, 10 Paige, 290 ; *Knowlton* v. *Ackley*, 8 Cush., 93 ; *Harris* v. *Dorchester*, 23 Pick., 112.

Before any liability can attach to any stockholder, there must be a valid subsisting debt against the corporation. It is plain that the stockholders cannot be liable, unless the corporation is. The plaintiff has no debt against the corporation. They have the note of Hammond J. Livermore, John E. Butler, Charles D. Read, and Clark Young, but not the note of the Jamaica Leather Com-

pany. 1. The note purports to be signed "Jamaica Leather Co., by Hammond J. Livermore, Agent." He was not the agent in fact of the company until after the note was executed. 2. He never was and never could be the rightful agent of the company, because not a stockholder. *Dispatch Line* v. *Bellamy Man'f. Co.*, 12 N. H., 205. 3. If Livermore could legally be the agent of the corporation, he had no authority to sign the corporate name to a note. That function could only be performed by the treasurer. See *Salem Bank* v. *Gloucester Bank*, 17 Mass., 1; *Foster* v. *Essex Bank*, 17 Mass., 479. 4. The 9th amended by-law does not confer authority upon the agent to sign the corporate name to notes. 5. Nor does the fact that this money was appropriated by the treasurer to pay the debts of the company make the stockholders liable in this form of action.

Defendant Sprague is entitled to a judgment for his costs. If any action can be maintained at law against the stockholders of this corporation, it is only those who were stockholders at the time the plaintiff's suit was brought. *Dauchy et al.* v *Brown et al.*, 24 Vt., 197; *Bond* v. *Appleton*, 8 Mass., 472; *Child* v. *Coffin*, 17 Mass., 64; *Marcy* v. *Clark*, 17 Mass., 330; *Ripley* v. *Sampson*, 10 Pick., 371; *Kelton* v. *Phillips*, 3 Met., 61; *Middletown Bank* v. *Magill*, 5 Conn., 28.

*Waterman & Read*, for the plaintiff.

The note in controversy was signed by Livermore as agent of the Jamaica Leather Company; the loan was negotiated by the treasurer who received the money and expended it for the benefit of the company, with the consent and approval of the majority of the board of directors. The agent had authority to pledge the credit of the company and consequently to sign the company name to the note. By-Laws, § 9. Even if he had not express authority, his act was immediately ratified by the company and became binding upon them. *Whitewell et als.* v. *Warner et als.*, 20 Vt., 425; *Bank of Orleans* v. *Fassett*, 42 Vt., 432.

It was competent for the plaintiff to prove by parol the employment of Livermore by the directors as agent of the company, and that he acted as such prior to the time when a minute of his appointment was entered on the records.

The defendants are holden to pay this note to the plaintiff under the provisions of the 7th section of the act of incorporation. *Allen* v. *Sewall*, 2 Wend., 327; *Moss* v. *Oakley*, 2 Hill, 265; *Freeland et al.* v. *McCullough*, 1 Denio, 414; *Harger et al.* v. *McCullough*, 2 Ib., 119; *Corning et als.* v. *McCullough*, 1 Comst., 47; *Southmayd* v. *Russ*, 3 Conn., 52; *Mill Dam Foundry* v. *Hovey*, 21 Pick., 453; *Bond* v. *Appleton*, 8 Mass., 472; *Buel* v. *Warner*, 33 Vt., 576; Ang. & Am. on Corp., §§ 611, 619, 620, 625.

By including the directors as well as stockholders, the legislature evidently intended to make those directors and stockholders holden who contracted the debt, and could not have intended to make directors subsequently chosen personally holden for the misdoings of their predecessors. *Buel* v. *Warner*, 33 Vt., 576.

If the defendants are liable as guarantors and not as principals, the plaintiff can recover in this action. There are no available funds of the company to respond to a judgment. Insolvency is a sufficient excuse for not bringing a suit against the debtors before suing the guarantors. If their liability is that of guarantors, it is an absolute guaranty, and they are liable as sureties. *Sylvester* v. *Downer*, 18 Vt., 32; *Woodstock Bank* v. *Downer*, 27 Vt., 539; *Bull* v. *Bliss*, 30 Vt., 127; *Dana* v. *Conant et als.*, Ib., 246.

The opinion of the court was delivered by

Ross, J. This case comes to this court on exceptions to the judgment of the county court on the report of a referee. The defendants were directors and stockholders in the Jamaica Leather Company, July 12, 1866, when the plaintiff loaned that company $4,000, and took therefor a promissory note signed with the company's name by Hammond J. Livermore, agent, and by several individuals as sureties. The money thus obtained was used by the company in paying the company's debts. The defendants Sprague and Barnes, who alone defend, claim that, under the by-laws of the company, the agent had not power to execute promissory notes on behalf of the company, and therefore, whatever may be their liability under the charter, they cannot be made liable in this action. We think the by-laws empower the treas-

urer, alone, to execute the promissory notes of the company. The printed case does not inform us whether the action is upon the note, or for the recovery of the money loaned in some proper form. The particular form of the declaration is rendered immaterial, by the parties' submission of the case to a referee. This court has repeatedly held they would affirm a judgment on the report of a referee, whenever, without changing the nature of the action, the declaration could be so amended as to accommodate itself to the facts found by the referee. *Ladd* v. *Lord & Gillett*, 36 Vt., 194; *Cook* v. *Carpenter & Cook*, 34 Vt., 121; *Sumner* v. *Brown*, 34 Vt., 194. If the action is debt upon the note, as stated by counsel in argument, and if it should become necessary to uphold the note as binding upon the company, we think the company, by receiving and appropriating the money obtained upon the note executed by Hammond J. Livermore, agent, so ratified his act, though before unauthorized, that the note became the valid note of the company. *Bank of Orleans* v. *Fassett*, 42 Vt., 432.

The plaintiff claims to recover the balance due on that loan of the defendants, who were then directors and stockholders, not by reason of any express contract from the defendants, but by virtue of that section in the charter of the company which provides: " This company shall not at any time contract debts exceeding three fourths the amount of its capital stock paid in; and if such indebtedness shall exceed the amount aforesaid, the directors and stockholders shall be personally holden to the creditors of said company." At the time the indebtedness of the company to the plaintiff was contracted, the company's debts exceeded three fourths the amount of its capital paid in. Sprague and Barnes ceased to be stockholders before the suit was brought, at which time the company's debts did not exceed three fourths its capital paid in. The company was then insolvent. The finding of the referee renders it apparent that the company had sunk its entire capital stock and the amount due on this debt; that all its assets have been used in paying other claims, and that this claim remains unpaid. The main question to be decided, is the effect to be given to this clause in the company's charter. It is apparent, the legislature, by that clause, purposed to restrain the company

from contracting debts to an amount exceeding three fourths its capital stock paid in, and, also, in the event that should be done, to furnish to the creditors of the company the security of the private property of the directors and stockholders, in addition to the property of the company. No means of enforcing this provision are incorporated into the charter. Most of the cases cited from New York and Massachusetts, as well as the case of *Dauchy et al.* v. *Brown et al.*, 24 Vt., 197, differ in this respect from the case at bar. In those cases the remedy is provided, as well as the liability created, in the charter. This liability of the directors and stockholders does not exist at common law. If the act creating a new liability provides the remedy also, it is well established that that remedy must be followed, and is the only remedy the creditors have. It is also equally well established that where a new liability is created by the charter, but no remedy is provided, the party may resort to the common law remedy. By the common law, the language of the clause would render the directors and stockholders jointly holden for the debts of the company. We think that was the intention of the legislature also. The word " personally " is used to distinguish their joint liability as individuals from their liability as directors and stockholders. As stockholders they were liable, only, to the amount paid in on the stock owned by each ; and as directors, they were liable, only, for some neglect or misfeasance in managing the affairs of the company. They are spoken of as one body of individuals, and as such a collection of individuals, composed of the classes named, are declared to be personally holden to the creditors of the company. They are the company. To them is entrusted the entire management and control of its business. They can keep the indebtedness of the company within the limits fixed by the legislature, or they can extend that indebtedness beyond that limit, and voluntarily take upon themselves the relation of joint debtors to the creditors of the company. This liability is to attach only when the indebtedness of the company is allowed to pass the prescribed limit, and then it attaches at once to the then directors and stockholders as joint debtors. It is apparent, the legislature did not intend that this liability should rest upon those persons who might happen to be

directors and stockholders at the time a suit is brought. The creation of this additional liability seems to have been intended as a check upon the directors and stockholders in the contraction of debts, and to have been imposed, in some sort, as a penalty for the infraction of that part of the clause prohibiting the contraction of debts beyond three-fourths its capital paid it. It declares that, in such a case, they shall lose the protection of their charter, and stand related to the creditors as a body of individual debtors. To visit this penalty upon any others than those who caused the infraction of the charter would be manifestly unjust as well as unintended. Those holding the relation of directors and stockholders to the company at the time the suit is brought, may not have added a farthing to the indebtedness of the company, and so be entirely innocent of any infraction of the prohibitory clause in the charter. This view is supported by *Moss* v. *Oakley*, 2 Hill, 265, and *Mill Dam Foundry* v. *Hovey*, 21 Pick., 453, where similar provisions in charters were under consideration. No case has been brought to the attention of the court conflicting with the view we have taken, unless it be the case of *Middletown Bank* v. *Magill*, 5 Conn., 28. That was decided by a majority, only, of the court. Chief Justice HOSMER, in a dissenting opinion, maintained that the stockholders, who were such at the time the indebtedness was contracted, were holden as joint debtors, while the majority of the court held that the stockholders at the time the suit was brought were liable. By the provisions of the charter under consideration in that case, the stockholders were personally liable for all the debts of the company at all times. We are quite as well satisfied with the reasoning of the chief justice as with that of the majority of the court. That case, however, is clearly distinguishable from the case at bar, and we have no occasion to review the reasons given by the majority of the court for their decision.

Judgment affirmed.