Decided at Pendleton, July 20, 1895.

## LA GRANDE NATIONAL BANK *v.* BLUM.
[41 Pac. 659.]

1. Ratification of Agent's Acts.— If a principal elects to ratify any part of the unauthorized transaction of an agent, the ratification must go to the entire matter (*Coleman* v. *Stark,* 1 Or. 115, approved and followed); thus, where a bank sues on a note taken by its cashier without authority, it must be considered as having ratified the entire contract, and cannot claim under the note while insisting that its cashier had no authority to take it.

2. Proof of Service of Notice to Take Depositions—Code, §§ 61, 527.— Under section 527, Hill's Code, a town marshal may serve a notice to take

depositions, and the return of his acts should be made as a return on a summons is made, viz., by a certificate, as provided for in section 61.

3. INSTRUCTIONS TO JURY.—In charging a jury a few clear and concise statements of the law are much preferable to a long series of abstract propositions, however correct the latter may be.*

APPEAL from Union: MORTON D. CLIFFORD, Judge.

For appellant there was a brief and an oral argument by *Mr. Charles H. Finn.*

`For respondent there was a brief by *Messrs. Baker and Baker,* and an oral argument by *Mr. M. Baker.*

This is an action on a promissory note executed and delivered by Nat Blum and Ben W. Grandy to the La Grande National Bank on February twelfth, eighteen hundred and ninety-two, payable three months after date. The complaint is in the usual form. The answer admits the execution and delivery of the note, but, as a defense, avers, in substance, that at the time of such execution the plaintiff was the owner and in possession of two certain promissory notes for six hundred dollars each, on one O. M. Ramsey, which it delivered to defendant Blum for collection, under an agreement that he would pay over the proceeds to plaintiff if collected, or, if unable to collect the notes, or any part thereof, he would return them; and that the note in question was given to secure the performance of such agreement on Blum's part, and that he fully complied therewith. The reply puts in issue the allegations of the answer, and affirmatively avers that the Ramsey notes mentioned therein were originally made, executed, and delivered to the defendant Blum and one Sommer, as partners under the firm name of Sommer

*Such has been the uniform course of the decisions of this court. See *Weeklund* v. *Southern Oregon Company*, 20 Or. 598; *Knahtla* v. *Oregon Short Line Railway Company*, 21 Or. 136; *Anderson* v. *North Pacific Lumber Company*, 21 Or. 281; *Conlon* v. *Oregon Short Line Railway Company*, 23 Or. 505; *Morrison* v. *McAtee*, 23 Or. 535.—REPORTER.

and Blum, and were by plaintiff discounted in the usual course of business, the payment thereof being guaranteed by an indorsement of the payees; that when the notes matured demand was duly made of the maker, and he being insolvent and neglecting to pay the same, payment was demanded of Sommer and Blum, whereupon the note in suit was made, executed, and delivered in discharge of the obligation of Sommer and Blum as indorsers of the Ramsey notes.   Upon the trial the jury, finding the allegations of the answer to be true, rendered a verdict in favor of defendants, upon which judgment was subsequently entered and plaintiff appeals.      AFFIRMED.

Opinion by MR. CHIEF JUSTICE BEAN.

1.   It is contended that the court erred in refusing to direct a verdict in favor of plaintiff at the close of the testimony, on the ground that the evidence for the defendant showed that the agreement set up in the answer was made with the cashier of plaintiff without its authority.   It is unnecessary for us to enter into an examination of the power, duty, and authority of the cashier of a bank, to ascertain whether the alleged agreement or contract set up in the answer was within the scope of his agency; for the plaintiff, by bringing this action on the note received by the cashier under such contract, has, so far as this proceeding is concerned, ratified the entire contract.   No rule of law is more fundamental than if the principal elects to ratify any part of the unauthorized act of an agent he must ratify the whole.   He cannot accept that part which is favorable to himself and repudiate the remainder.   As said by Mr. Justice Story, "The principal cannot, of his own mere authority, ratify a transaction in part, and repudiate it as to the rest.   He must either adopt the whole or none": Story on Agency, § 250. And "from this maxim," says Chief Justice SMITH, "re-

sults a rule of universal application, that where a contract has been entered into by one man as agent of another, the person on whose behalf it has been made 'cannot take the benefit of it without bearing its burdens. The contract must be performed in its integrity'": *Rudasill* v. *Falls,* 92 N. C. 222. Indeed, reason as well as authority is all one way on this question: Mechem on Agency, § 130; *Coleman* v. *Stark,* 1 Or. 116; *Eberts* v. *Selover,* 44 Mich. 519 (38 Am. Rep. 278.); *McClure* v. *Briggs,* 58 Vt. 82 (56 Am. Rep. 557, 2 Atl. 583). Now, in this case, if the cashier of the bank exceeded his authority in making with the defendant the contract set up in the answer, and in accepting the note in suit, the plaintiff was not bound thereby, but it was bound to take the contract in its entirety or not to recognize it at all. It cannot affirm that part of his act which is of advantage to it and repudiate the rest.

2. It is next contended that the court erred in overruling plaintiff's motion to suppress Blum's deposition, and in allowing the same to be read in evidence on the trial. The ground of the objection is that there is no sufficient proof of service of notice of the application for a commission to take such testimony. The notice was served by the marshal of the town of La Grande, and the proof of service is made by his certificate, while the claim for plaintiff is that it should have been made by his affidavit. Now, by section 527 of Hill's Code, the marshal was authorized to serve the notice and make the proof of such service in the same manner as he is empowered by law to do in case of the service of a summons; and section 61 provides that the proof of service of a summons by a marshal shall be by his certificate, and therefore the service in question is sufficient.

3. Error is also assigned on the refusal of the trial court to give a series of some nine instructions embody-

ing abstract propositions of law concerning the legal liability of an indorser of a promissory note. These instructions could only become material in this case on the theory of the plaintiff that the note in suit was given by the defendants in discharge of the liability of Sommer and Blum as indorsers of the Ramsey note, and was therefore supported by a sufficient consideration; but the court in its general charge concisely presented the same idea by instructing the jury that "if the note was given for the purpose of taking up the Ramsey notes, that would be a sufficient consideration, and your verdict should be for plaintiff." This was all plaintiff sought to accomplish by the abstract propositions of law submitted in the form of instructions, and was certainly simpler and more easily comprehended by the jury.

It was also claimed that the alleged agreement was an attempt to vary by parol the terms of a written contract. That question was presented and decided on the former appeal in this case, 26 Or. 49 (37 Pac. 48), and requires no further notice at this time. There are some other assignments of error in the notice of appeal, but they are without merit, and the judgment must be affirmed.

AFFIRMED.

Decided April 29, 1895.