ARTHUR O'LEARY vs. LLOYD A. TILLINGHAST et als.

PROVIDENCE—JUNE 30, 1900.

PRESENT: Stiness, C. J., Rogers and Douglas, JJ.

(1)  *Pleading and Practice.  Joinder of Defendants.  Deceit.*

Three owners of a promissory note, payable to the order of one of them, are
 jointly liable in an action of deceit for false representations made ·by the
 payee with the knowledge and consent of the others.

TRESPASS ON THE CASE for deceit.   The action was com-
menced against three defendants, and the declaration alleged
that the defendants were the owners of a note payable to
the order of one of them ; that the payee, with the knowl-
edge and consent of the other defendants, made certain false
representations to the plaintiff ; that the other defendants,
knowing of such representations, did not contradict them ;
that they knew said representations were false.   The defend-
ants, other than the payee, demurred on the ground that the
declaration did not allege any false representations made by
them, but merely that the representations were made with
their knowledge and consent, and that they, knowing of such
representations, did not contradict them.   Heard on demurrer
to declaration, and demurrer overruled.

DOUGLAS, J.   The declaration alleges that the defendants·
were joint owners of a promissory note payable to the order
of one of them ; that they were desirous of selling the note
to the plaintiff ; that the payee, with the knowledge and con-
sent of the other defendants, falsely stated to the plaintiff
that the maker was the owner of a certain valuable estate
and was otherwise financially responsible ; that, relying on
these representations and the fact that the other defendants
were to participate in the proceeds of the sale, and, knowing
of these representations, did not contradict them, the plain-
tiff paid to the defendants in money, a note, and certain

releases, a sum equal to its face value; that the note was worthless, etc.

(1)     The question is raised by defendants' demurrer whether these allegations are ground for an action of deceit against the defendants jointly. We think such an action may be sustained. It is true, as urged by the defendants, that one is not answerable, in an action of deceit, for mere suppression of a fact which he is under no legal obligation to divulge. *Peck* v. *Gurney*, L. R. 6 H. L. 403; *Potts* v. *Chapin*, 133 Mass. 276; and, also, that a master or principal is not answerable jointly with his servant or agent for the tort of the latter not previously directed or subsequently adopted by the master or principal. *Parsons* v. *Winchell*, 5 Cush. 592; *Page* v. *Parker*, 40 N. H. 47. But neither of these principles is applicable to the case here stated. The- general rule is that all persons who participate in a tort are liable jointly or severally at the choice of the plaintiff. Gould's Pleadings, 190, 194; 1 Chitty Pleading, *90, and notes. Where all are moved by a common intention which is expressed in the act of one or more, the law considers it the act of all. Where the interests of the several defendants are diverse, unity of purpose must appear to justify the imputation to them of the act of one. But unity of interest may bind the parties to a joint responsibility for the acts of one who represents them all.

In the case at bar if the other defendants knew of and consented to the false statements of Tillinghast when they were made, they should have contradicted them; but it is alleged that, with this knowledge, they accepted the proceeds of the fraud and so adopted the statement as their own. This would render the other defendants liable jointly with Tillinghast if he were not interested in the property sold, but merely their agent.

But the defendants are jointly liable on a different ground. In *White* v. *Sawyer*, 16 Gray, 586, where one part owner of a vessel made false representations in the sale of it without the knowledge of his co-owner, the co-owner was held jointly

responsible with him in an action of deceit. The reason of this decision applies exactly to the present case, but goes much further. Hoar, J., says, p. 590 : " We have, then, the case of two principals sued for false representations made in the sale of property, one acting for himself and the other acting by an agent. If the agent employed by one had been a third person, there seems to be no doubt that the two principals could be jointly sued. What difference can it make that one of the principals acted as agent of the other? He is joined in the suit, not as agent, but as another principal."

Demurrer overruled, and case remitted to the Common Pleas Division for further proceedings.

*J. J. Hahn*, for plaintiff.

*John A. Tillinghast*, for defendants.