Submitted on briefs November 4, affirmed December 23, 1919.

## RAE v. HEILIG THEATRE CO.

(185 Pac. 909.)

**Appeal and Error—Review of Refusal to Grant Nonsuit.**

1. Where a motion for nonsuit is interposed and movant thereafter introduces testimony pertaining to the issues, all of the testimony thus submitted will be considered on appeal in reviewing the question of the refusal to grant a nonsuit.

**Appeal and Error—Conflict in Evidence.**

2. Supreme Court will not resolve conflict in evidence.

**Corporations—Authority of Officers and Agents Governed by General Law of Agency.**

3. The power of officers and agents of corporation to bind the corporation is governed by the general law of agency, the underlying principles being the same, and their authority may be implied from their conduct and the acquiescence of the directors.

**Corporations—Ratification of Contract by Its Agent.**

4. Corporation, having approved auditor's contract with public accountant for services to be rendered corporation and having accepted the benefits of such contract, cannot avoid liability for such services.

**Principal and Agent—Presumption That Agency is General.**

5.   Persons dealing with a known agent have a right to assume, in the absence of information to the contrary, that his agency is general.

**Corporations—Implied Authority of Officers and Agents.**

6.   When in the usual course of the business of a corporation an officer or agent has been allowed to manage certain of its affairs, his authority to represent the corporation may be implied from the manner in which he has been permitted by the directors to transact its business; the usual employment being evidence of his powers.

**Principal and Agent—Acts of Agent Within Apparent Authority.**

7.   The principal is bound by the acts of his agent within the apparent authority conferred upon such agent.

**Corporations—Authority of Agent.**

8.   The primary object of a corporation in employing an agent is that he shall be enabled to accomplish the purpose of the agency, and other persons are invited to deal with the agent with that understanding.

**Corporations—Authority of Agent to Make Contract for Services Jury Question.**

9.   In action by public accountant against corporation for services rendered upon employment by corporation's agent, where defense was that agent who had employed accountant was not the authorized agent of the corporation, and where corporation, at close of plaintiff's testimony, moved for nonsuit, *held,* that there was competent evidence tending to support findings of fact that agent was the authorized agent of corporation.

From Multnomah: ROBERT G. MORROW, Judge.

In Banc.

This is an action by plaintiff, Alexander C. Rae, against the defendant company to recover the sum of $500, as the reasonable value of services rendered to the defendant.

The defendant denies the rendition of any services by plaintiff for it.   The cause was tried by the court without the intervention of a jury.   The court found in favor of plaintiff in the sum of $215 and from a consequent judgment defendant appeals.          AFFIRMED.

For appellant there was a brief submitted over the name of *Messrs. Joseph, Haney & Littlefield.*

For respondent there was a brief prepared and presented by *Messrs. Carey & Kerr* and *Mr. Charles A. Hart.*

BEAN, J.—At the close of plaintiff's testimony in chief, counsel for defendant submitted a motion for a judgment of nonsuit. There were several exceptions saved to the rulings of the court relating to the materiality of the testimony. The cause having been tried by the court, we do not understand that there is any question, concerning the admissibility of evidence, presented for determination except in so far as the same bears upon the matter of the nonsuit. There is no controversy in regard to the findings of fact made by the court upon the trial of the cause without a jury being of the same force and effect as the verdict of a jury. The position of the defendant is that there was no competent evidence to support the findings or judgment; that James C. Heilig was not shown to be the authorized agent of the defendant company.

1. It is a well-settled rule that where a motion for a nonsuit is interposed and thereafter the party making the same introduces testimony pertaining to the issues, all of the testimony thus submitted will be considered on appeal in reviewing the question of the refusal to grant a nonsuit.

The testimony in the case tended to show the following facts: Plaintiff is a certified public accountant, having specialized during recent years in income tax work. In August, 1917, Mr. James C. Heilig, the auditor and bookkeeper of the defendant corporation, came to the office of the plaintiff in Portland, bringing with him the cash-book, journal and ledger of the corporation, and also a contract of sale of an interest in the company.

He explained to plaintiff that Mr. Calvin Heilig owned practically all of the stock in the corporation, and that in consummating the deal it was desired to charge off $90,000 of the indebtedness of the company to Mr. Calvin Heilig, and Mr. Rae's advice was asked in regard to making the entries in the books. Plaintiff examined the contract and made a cursory inspection of the books. Mr. Rae after the consultation considered the matter for a time as to the effect of the federal income tax laws upon such a transaction, and explained to the auditor that if the books should show that the debt was forgiven by Mr. Heilig it might be considered as a gift to the corporation, and according to former rulings subject to a tax and necessitate the payment of a large sum of money. Two visits were made to plaintiff's office by the auditor, who stated to Mr. Rae that his assistance was desired in arranging the matter so as to avoid any chance of loss, and that, "We will pay you for any help you can give us." Plaintiff evolved a plan to increase the capital stock of the Theatre Company in an amount sufficient to offset Mr. Calvin Heilig's account of $90,000, and pay him by a stock distribution. This plan was submitted to the auditor who expressed his thanks and directed plaintiff to send in his bill. Subsequently the corporation adopted the plan suggested and arranged the matter accordingly. A short time after plaintiff was consulted by the auditor, Frederick Heilig, one of the attorneys for the company, said to Rae, "I have got your suggestion under advisement," and, "We had not considered that side of it. I think your recommendations are good." Plaintiff testified that in a conversation afterwards held by him with the president of the company, he stated, "I see you increased your capital stock and car-

ried out those suggestions," and that Mr. Calvin Heilig said, "Yes, we did that. I think you saved us some money." Mr. Calvin Heilig denies the gist of this conversation. His version of the matter is that James C. Heilig, the clerk of the company, was to take the matter up with the attorneys for the defendant.

2. With the conflict in the testimony we have nothing to do. The statement of the president of the company could fairly be construed by the jury as indicating that the services of the plaintiff were accepted and acted upon by the corporation. The testimony of the president also signified that James C. Heilig was authorized to act for the company in the matter of its accounts. Therefore the evidence of the authority of the agent of the company does not rest alone upon the declaration of such agent.

3, 4. Corporations can only act through their officers and agents. The power of such representatives of a corporation to bind the corporation is governed by the general law of agency, the underlying principles being the same. Their authority may be implied from their conduct and the acquiescence of the directors: 7 R. C. L. 620, § 616. If, as the testimony purported, James C. Heilig was the agent of the defendant, and as such employed the plaintiff as a public accountant to perform services for the defendant which the corporation approved, and accepted the benefits of, then it cannot avoid that part of the arrangements made by the agent imposing a responsibility connected therewith upon the defendant. As said by Mr. Commissioner KING, in *McLeod* v. *Despain,* 49 Or. 536, at page 563 (92 Pac. 1088, at page 1091, 124 Am. St. Rep. 1066, 19 L. R. A. (N. S.) 276):

"It is too well settled to admit of serious discussion that the principal must adopt or reject the act of his

agent as an entirety, and cannot receive the benefit of such agency without bearing its burdens," Citing: *Coleman* v. *Stark,* 1 Or. 116; *La Grande Nat. Bank* v. *Blum,* 27 Or. 215 (41 Pac. 659).

5–8.   Persons dealing with a known agent have a right to assume, in the absence of information to the contrary, that his agency is general: *Aerne* v. *Gostlow,* 60 Or. 113 (118 Pac. 277).   The testimony indicated that James C. Heilig customarily incurred and liquidated expenses for the company in matters pertaining to its affairs.   It is well settled that when, in the usual course of the business of a corporation, an officer or agent has been allowed to manage certain of its affairs, his authority to represent the corporation may be implied from the manner in which he has been permitted by the directors to transact its business. The usual employment is evidence of the powers of an agent, and the principal is bound by the acts of his agent within the apparent authority conferred upon such agent: *Martin* v. *Webb,* 110 U. S. 7 (28 L. Ed. 49, 3 Sup. Ct. Rep. 428; see, also, Rose's U. S. Notes). The primary object of a corporation in employing an agent is that he shall be enabled to accomplish the purposes of the agency, and other persons are invited to deal with the agent with that understanding: 7 R. C. L. 623, § 620.

9. It therefore appears from the record that there was competent evidence tending to support the findings of fact made by the trial court.

Finding no error in the record, the judgment of the lower court is affirmed.          AFFIRMED.