Argued January 13; modified January 27, 1931

## BOYER ET AL. v. EDGEMONT INVESTMENT CO.

(295 P. 471)

*John P. Winter,* of Portland (Winter & Maguire and W. B. Shively, of Portland, on the brief) for appellant.

*James P. Stapleton,* of Portland, for respondents.

KELLY, J. This case is so closely analogous to the case of *Sharkey v. Burlingame Co.*, 131 Or. 185 (282 P. 546), that it is unnecessary to treat at length the questions involved.

■ It is claimed that the misrepresentation as to the size of the lot could not be considered, because plaintiffs relied upon the misrepresentation that the lot would be resold before the first installment became due. Blended misrepresentations collectively may be the basis of such relief as that sought here.

From the case of *Commonwealth Bonding & Casualty Co. v. Bomar* (Tex. Civ. App.), 169 S. W. 1060, 1062, we quote as follows:

"We believe it is sufficient to say that if a material misrepresentation is shown to have been relied upon, though blended with other statements which may have partially actuated another's conduct, it is not a defense to then indulge in psychology,—to split hairs and attempt a metaphysical division—in order to escape the fraud. At least the question is: Was the statement material? If it were used, though along with other

statements, to control (Bomar's) will and influence his assent, and concurred to that end, it is fraud'': *Massirer v. Milam* (Tex.) 223 S. W. 302.

Plaintiffs were not apprised of the actual size of the lot until after they had made the down payment. For these reasons, defendant's contention in this regard is untenable.

■ Defendant also urges that the misrepresentation made in regard to the installation of a sewer, at the expense of the defendant, can not be made the basis of a suit for rescission, when, as in this case, the contract of purchase contained an agreement to construct such sewer. The fallacy of such a position is manifest. If that were the law, then, in every case of misrepresentation inducing the execution of a contract, the one making such a misrepresentation could be relieved of the effect of his fraud, as such, merely by incorporating such misrepresentation as a covenant in the contract.

In neither of the three cases cited by defendant was the matter, which was incorporated in the contract sought to be rescinded, pleaded as a misrepresentation made prior to the execution thereof as an inducing cause for the execution of such contract. The three cases referred to are: *American Emigrant Co. v. County of Adams,* 100 U. S. 61 (25 L. Ed. 563, 567); *Crampton et al. v. McLaughlin Realty Co.,* 51 Wash. 525 (99 P. 586, 588, 21 L. R. A (N. S.) 823), and *McCracken v. Bay City Land Co.,* 93 Or. 461 (183 P. 9).

In the first cited of these three cases, the contract contained a provision that the purchaser would introduce a certain number of settlers within a certain period, and reclaim lands. This promise was not pleaded as a misrepresentation inducing the execution of the contract. Other alleged misrepresentations were so pleaded.

In the second of these three cases, fraud was not pleaded at all.

In the third case, it being an Oregon case, the plaintiff alleged reliance upon the terms of the contract, but did not allege that, prior to the execution of the contract, misrepresentations were made in reliance upon which plaintiff was induced to execute the same.

■■ Defendant also urges that the representation made by Clarke & Company and its agents, to the effect that the lot in question would be resold before the first installment of the unpaid balance of the purchase price became due, does not constitute ground for rescission. Defendant contends that there is nothing in the record that indicates a reliance by plaintiffs upon this representation as an obligation of defendant.

As well stated by Mr. Justice RAND in *Sharkey v. Burlingame Co.,* supra:

"The general rule is that fraudulent misrepresentations inducing the person to whom they are addressed to buy property or to enter into a contract with some one other than the maker of the representations will not give the defrauded person ground for rescinding the transaction. Professor Williston states three exceptions to this rule. These are:

" '(1) Where the representations were made by one who was an agent or purported to be an agent of the person receiving the benefit of the fraud. It is immaterial for this purpose whether the representations were made within the apparent or actual scope of the agent's authority. The principal though innocent at the outset renders himself a party to the fraud if after knowledge of how his advantage was obtained he fails to surrender it.

" '(2)  *   *   *

" '(3)  *   *   *'.

"3 Williston on Contracts, section 1518.

"The facts of this case bring it within the first exception stated for here the defendant, whether innocent at the outset or not, received the benefit of the fraud and made itself a party to the fraud after knowledge of how its advantage was obtained by failing to surrender it."

On oral argument, defendant urged that the cases cited in support of the above quoted excerpt of section 1518 of Williston on Contracts do not sustain the text. They are: *McIntire v. Pryor*, 173 U. S. 38 (19 S. Ct. 352, 43 L. Ed. 606); *Veazie v. Williams*, 8 How. 134 (12 L. Ed. 1018); *Continental Ins. Co. of New York v. Insurance Co. of Pennsylvania*, 51 Fed. 884 (2 C. C. A. 535); *Riser v. Walton*, 78 Cal. 490 (21 P. 362); *Wolfe v. Pugh, Adm'r*, 101 Ind. 293; *Day v. Merrick*, 158 Iowa 287 (138 N. W. 400); *Atlantic Cotton Mills v. Indiana Orchard Mills*, 147 Mass. 269 (17 N. E. 496, 9 Am. St. Rep. 698); *Busch v. Wilcox*, 82 Mich. 336 (47 N. W. 328, 21 Am. St. Rep. 563); *Presby v. Parker*, 56 N. H. 409; *Bennett v. Judson*, 21 N. Y. 238; *Krumm v. Beach*, 96 N. Y. 398; *Fairchild v. McMahon*, 139 N. Y. 290 (34 N. E. 779, 36 Am. St. Rep. 701); *Coleman v. Stark*, 1 Or. 115; *Mundorff v. Wickersham*, 63 Pa. 87 (3 Am. Rep. 531); *Meyerhoff v. Daniels*, 173 Pa. 555 (34 Atl. 298, 51 Am. St. Rep. 782); *Schultheis v. Sellers*, 223 Pa. 513 (72 Atl. 887, 22 L. R. A. (N. S.) 1210); *O'Leary v. Tillinghast*, 22 R. I. 161 (46 Atl. 754); *Barnard v. Roane Iron Co.*, 85 Tenn. 139 (2 S. W. 21); *Fitzsimmons v. Joslin*, 21 Vt. 129 (52 Am. Dec. 46); *Ladd v. Lord & Gillett*, 36 Vt. 194; *Crump & Co. v. U. S. Min. Co.*, 7 Grat. (Va.) 352, 56 Am. Dec. 116; *Nelson v. Title Trust Co.*, 52 Wash. 258 (100 P. 730); *Morse v. Ryan*, 26 Wis. 356.

It will be noted that this doctrine was announced here before Oregon was admitted to the Union: *Coleman v. Stark*, supra. It has been recognized in the

following Oregon cases: *Maasdam v. VanBlokland et al.,* 123 Or. 128 (261 P. 66); *Williams v. Pacific States Fire Ins. Co.,* 120 Or. 1 (251 P. 258); *Rae v. Heilig Theatre Co.,* 94 Or. 408 (185 P. 909); *McLeod v. Despain,* 49 Or. 536, 563 (90 P. 492, 92 P. 1088, 19 L. R. A. (N. S.) 276, 124 Am. St. Rep. 1066); *La Grande Nat. Bank v. Blum,* 27 Or. 215 (41 P. 659).

In *Nelson v. Title Trust Co.,* supra, the supreme court of Washington declares:

"The owner is the beneficiary of the sale. The salesmen are his agents, and under the ordinary rule of agency the owner is responsible for the representations of his agent made in the line of his employment. It is true that the agency in this case is one degree removed; Erickson who sold the lots to appellant having been employed by Arnold & Nachant, the firm who had a contract with the owner to sell the addition, Arnold & Nachant agreeing to divide with Erickson their commission on lots sold by him. But this was a mere detail as to the manner of a sale by Arnold & Nachant. The owner was still equally the beneficiary of the transaction, and it would tend to encourage fraudulent misrepresentation if such owner were allowed to escape responsibility through the subterfuge of having the sale made by a subagent. It must not be allowed to disclaim responsibility and at the same time receive the benefit of the fraudulent transaction."

We think the text quoted from Williston on Contracts is supported by the authorities there cited.

As to the representation that thirty big houses had been contracted to be built adjacent or in proximity to the lot in question, in the absence of any evidence to the contrary, the evidence, that only five or six of such houses had been constructed at the time of the trial, sustains the finding of the court thereupon.

■ The defendant invokes the rule that a party seeking to rescind because of fraud must act promptly upon acquiring knowledge of such fraud. The testimony discloses that one of the plaintiffs repeatedly urged defendant to comply with the promise to resell the lot in question, and that promptly upon being advised that defendant declined to assume responsibility for such promise this plaintiff retained an attorney for the purpose of instituting a suit. The record also discloses that the only payment upon the contract that plaintiffs thereafter made was made while efforts and negotiations were in progress towards effecting a settlement and compromise of the case. This does not constitute such an affirmance of the contract by plaintiffs as to deprive them of the remedy here afforded.

Defendant cites *Graef v. Bowles et al.*, 119 Or. 498, 503 (248 P. 1090), to the point that promises or negotiations made prior to the execution of a written contract upon the subject, are merged in such written contract. No charge of fraud was made in this case; hence, it can not be considered an authority to the effect that misrepresentations, made prior to and inducing the execution of a contract, are deprived of their fraudulent character by being incorporated in such contract.

■ Finally, defendant urges that interest ought not to have been allowed from the dates respectively of the contract and the respective payments. This is not urged in the printed brief and evidently did not constitute a motivating cause inducing the defendant to prosecute its appeal.

Interest should have been allowed from the date of the decree only: *Copeland v. Tweedle*, 61 Or. 303, 309 (122 P. 302); Oregon Code 1930, § 57-1201; Or. L., § 7988.

The judgment entered by the circuit court is hereby modified, in this, that, instead of the judgment there rendered, a judgment is rendered, granted and awarded plaintiffs herein against the defendant in and for the sum of $1,320.75 with interest thereon at the rate of 6 per cent per annum from the 7th day of January, 1930; and in the further sum of $34.35 costs and disbursements in the lower court. Except as thus modified, the decree and judgment of the lower court is affirmed.

■ On all the points presented by the brief of defendant, plaintiffs prevail in this opinion. Yet, upon a point presented at the last moment, defendant prevails. For this reason, neither party hereto shall recover from the other costs or disbursement on appeal.

BEAN, C. J., RAND and ROSSMAN, JJ., concur.