LOUIS H. EBERTS AND HIRAM E. ABBOTT v. ISAAC M. SELOVER.

*Book agent—Liability on subscription—Contemporaneous written agreement.*

A subscription agent, canvassing for a local history to cost $10, had a book for signatures containing a printed contract therefor, a warning to patrons not to be induced to sign unless they expected to pay the price charged, and a "rule" that "no promise or statement made by an agent, which interferes with the intent of printed contract, shall be valid."   A justice of the peace consented to sign the subscription book on condition that his office fees from that time to the time of delivery should be taken in payment, and he received from the agent a written memorandum to that effect.   *Held* that this must be considered together with the signature to show upon what

point the minds of the contracting parties met, and that if the agent's principals ratified the contract they must accept the terms agreed on, while if they repudiated it they could decline to deliver the book. But they could not repudiate the actual agreement and hold the subscriber.

Error to Branch.   Submitted Oct. 26.   Decided Nov. 9.

Assumpsit.   Plaintiff brings error.   Affirmed.

*Hiram Kimball* for plaintiff in error.   A collateral agreement is not to be considered with an absolute subscription as forming part of the contract: *Brownlee v. O. I. & I. R. R.* 18 Ind. 68.

*John R. Champion* for defendant in error.   Contemporaneous agreements relating to the same transaction must be considered together: *Norris v. Hill* 1 Mich. 202; *Paddack v. Pardee* 1 Mich. 421; and a part of the agreement cannot be repudiated without repudiating the whole: *Hutchings v. Ladd* 16 Mich. 208.

Cooley, J.   This is an action brought to recover the subscription price of a local history.   The subscription was obtained by an agent of the plaintiffs, and defendant signed his name to a promise to pay ten dollars on the delivery of the book.   This promise was printed in a little book, made use of for the purpose of obtaining such subscriptions, and on the opposite page, in sight of one signing, was a reference to "rules to agents," printed on the first page of the book. One of these rules was that "no promise or statement made by an agent which interferes with the intent of printed contract shall be valid," and patrons were warned under no circumstances to permit themselves to be persuaded into signing the subscription unless they expected to pay the price charged.   From the evidence it appears that when Schenck, the agent, solicited his subscription the defendant was not inclined to give it, but finally told the agent he would take it provided his fees in the office of justice, then held by him, which should accrue from that time to the time of delivery

of the book should be received as an equivalent. The agent assented, and defendant signed the subscription, receiving at the same time from the agent the following paper :

"COLDWATER, April 29, 1878.

Mr. Isaac M. Selover gives his order for one copy of our history, for which he agrees to pay on delivery all the proceeds of his office as justice from now till the delivery of said history.

EBERTS & ABBOTT, per Schenck."

The plaintiffs claim that the history was duly delivered, and they demand the subscription price, repudiating the undertaking of the agent to receive anything else, as being in excess of his authority and void. The defendant relies on that undertaking, and has brought into court $4.27 as the amount of his fees as justice for the period named. This statement of facts presents the questions at issue so far as they concern the merits.

It may be perfectly true as the plaintiffs insist, that this undertaking of the agent was in excess of his authority ; that the defendant was fairly notified by the entries in the book of that fact, and that consequently the plaintiffs were not bound by it, unless they subsequently ratified it. Unfortunately for their case, the determination that the act of the agent in giving this paper was void does not by any means settle the fact of defendant's liability upon the subscription.

The plaintiffs' case requires that they shall make out a contract for the purchase of their book. To do this, it is essential that they show that the minds of the parties met on some distinct and definite terms. The subscription standing alone shows this, for it shows, apparently, that defendant agreed to take the book and pay therefor on delivery the sum of ten dollars. But the contemporaneous paper given back by the agent constitutes a part of the same contract, and the two must be taken and considered together. *Bronson v. Green* Wal. Ch. 56 ; *Dudgeon v. Haggart* 17 Mich. 275. Taking the two together it appears that the defendant never assented to any purchase except upon the terms that plaintiffs should accept his justice's fees for the period named

in full payment for the book. If this part of the agreement is void, the whole falls to the ground, for defendant has assented to none of which this is not a part.

When plaintiffs discovered what their agent had done, two courses were open to them : to ratify his contract, or to repudiate it. If they ratified it, they must accept what he agreed to take. If they repudiated it, they must decline to deliver the book under it. But they cannot ratify so far as it favors them and repudiate so far as it does not accord with their interests. They must deal with the defendant's undertaking as a whole, and cannot make a new contract by a selection of stipulations to which separately he has never assented.

The judgment must be affirmed with costs.

The other Justices concurred.