GANO VS. THE CHICAGO & NORTHWESTERN RAILWAY COMPANY.

*September 25, 1883 — March 18, 1884.*

*Contracts — Corporations — Court and jury.*

1. Where a party deals with a corporation in good faith — the transaction is not *ultra vires* — and he is unaware of any defect of authority or other irregularity on the part of those acting for the corporation, and there is nothing to excite suspicion of such defect or irregularity, the corporation is bound by the contract, although such defect or irregularity in fact exists. If the contract can be valid under any circumstances, an innocent party in such a case has a right to presume their existence, and the corporation is estopped to deny them.

2. Upon the evidence in this case it is *held*, as on a former appeal (49 Wis., 57), that the questions whether one C., acting for the defendant corporation, made a contract for the purchase of 1,200 yards of stone, and whether the plaintiff had not the right, under the circumstances, to assume that C. had authority to make the contract or that it was ratified by the defendant, should have been submitted to the jury.

APPEAL from the Circuit Court for *Monroe* County.

The cause was before this court on a former appeal and is reported in 49 Wis., 57. A statement of the case will there be found. After the reversal of the judgment on that appeal the venue was changed to Monroe county.

Upon the second trial it appeared that of the 400 yards of stone to be used at Devil's Nose, the defendant had received and paid for 208 yards, but had refused to receive 192 yards. There was a special verdict to the effect that the defendant bought said 192 yards of stone but refused to receive the same, and that the plaintiff would have made a profit of twenty-three cents per yard thereon, amounting in all to $44.16. As to the claim for profits on the 1,200 yards of stone to be delivered for the work at Crawford Crossing, the court, after the evidence was all in, directed the jury to find for the defendant.

The plaintiff appealed from a judgment in his favor for $44.16 and costs.

*J. W. Lusk*, for the appellant.

For the respondent there was a brief by *F. J. Lamb*, its attorney, and oral argument by *Mr. Lamb* and *Mr. W. F. Vilas*.

The following opinion was filed October 23, 1883:

COLE, C. J. It cannot be necessary to discuss at any length the questions arising on this record, in view of the quite full opinion delivered by Mr. Justice TAYLOR on the former appeal. See 49 Wis., 57. The question of agency was there discussed, this court holding that the evidence given for the purpose of establishing the agency of Celluyham, or which tended to show that he was authorized to bind the defendant by contracting for the delivery of 1,200 yards of stone for the Crawford Crossing, should have been submitted to the jury, and should not have been decided as a question of law by the court. On the second trial the learned circuit court took a different view of the matter,

and directed the jury that there was no sufficient evidence to warrant a verdict in favor of the plaintiff on that claim, and withdrew that part of the case from their consideration. This was adopting an entirely opposite view of the legal effect of the testimony from that entertained by the circuit court on the first trial, though the evidence bearing on Celluyham's agency was not essentially different or less cogent.

It seems to us that there was sufficient evidence to carry the case to the jury, both on the question as to whether Celluyham made a contract for 1,200 yards of stone for the Crawford Crossing — as plaintiff claimed — and if he did, whether, upon all the facts and circumstances attending the transaction, the plaintiff had not the right to assume that he had authority to make such a contract and bind the company. True, it is said by the learned counsel for the defendant that Celluyham had no power or authority whatever to make a contract for the purchase of stone on behalf of the company, and that the plaintiff knew it when he dealt with him. But this is denied by the plaintiff, who testified that he never had any intimation from Johnson, the chief engineer, or any one else, that Celluyham had not authority to make such a contract, or that there was any limitation on his authority in that regard. This is the fair import of·his testimony, though the plaintiff is not entirely consistent in all his statements on this point. Still, it is admitted that the plaintiff and the chief engineer had had some conversations about furnishing stone for the defendant, but disagreed at first as to price. Finally, as the result of their negotiations, Johnson says it was agreed or understood that if the company wanted any stone the plaintiff should furnish it at $3.00 per yard. There is no dispute about this, though Johnson states positively that he did not agree to take any specific quantity, but only what should be wanted. Afterwards, Johnson says he sent word to Celluyham to get what stone he wanted of *Gano* to finish 188 [Devil's Nose],

with the understanding he had as to the price. Thereupon, as plaintiff claims, Celluyham came to him and made a contract for 400 yards for the Devil's Nose, and 1,200 yards for Crawford Crossing or culvert.

It is proper to add that the defendant's witnesses deny that a contract was made for any more than 400 yards. But still the question as to the credibility of the witnesses was a fair subject for the jury. The inquiry here is, Was there sufficient evidence to carry the case to the jury whether Celluyham made a contract for 1,200 yards for the Crawford Crossing, and if he did make such a contract had the plaintiff the right to presume, upon all the facts, that he had authority to make it, or that the contract was ratified by the company after it was made? It is hardly necessary in this connection to refer to that elementary principle which pervades the law of agency, that " where a party deals with a corporation in good faith — the transaction is not *ultra vires* — and he is unaware of any defect of authority or other irregularity on the part of those acting for the corporation, and there is nothing to excite suspicion of such defect or irregularity, the corporation is bound by the contract, although such defect or irregularity in fact exists. If the contract can be valid under any circumstances, an innocent party in such a case has a right to presume their existence, and the corporation is estopped to deny them." Mr. Justice SWAYNE in *Merchants' Bank v. State Bank*, 10 Wall., 604, 644.

It follows from these views that the court erred in withdrawing this part of the case from the consideration of the jury; and, without noticing the other questions discussed, the judgment of the circuit court is reversed, and a new trial ordered.

*By the Court.*— Ordered accordingly.

LYON and TAYLOR, JJ., dissent.

A motion for a rehearing was denied March 18, 1884.