KICKLAND, Respondent, vs. THE MENASHA WOODEN WARE COMPANY, Appellant.

*December 21, 1886 — January 11, 1887.*

VENDOR AND PURCHASER OF LAND. *(1) Consideration: Parol evidence. (2) Statute of frauds. (3) Agency: Ratification. (4) Apportionment.*

1. A consideration in addition to that expressed in a deed may be shown by parol.

2. An oral agreement to pay a consideration in addition to that expressed in a deed is valid.

3. An agent, having authority to purchase certain land for a corporation, paid a certain sum therefor, and agreed to pay a further sum at a future time. The deed to the corporation expressed only the consideration already paid. The corporation took possession of the land and afterwards sold it. *Held,* that the corporation was bound by the agreement to pay the additional consideration.

4. The purchaser of land agreed that if he should sell it at an advanced price he would pay one half of the profits of such sale to his grantor. He afterwards sold the land, together with another tract bought from other parties on similar terms, for a gross sum. *Held,* that the amount to be paid to his grantor should be determined by an *apportionment* of the sum received according to the respective values of the tracts sold.

APPEAL from the Circuit Court for *Portage* County.

Action to recover the sum of $300 alleged to be due to the plaintiff as the balance of the purchase money of a tract of land sold by him to the defendant company. The answer was a general denial. The facts are sufficiently stated in the opinion. There was a verdict for the plaintiff, and from the judgment thereon the defendant appealed.

For the appellant the cause was submitted on the brief of *Raymond & Haseltine.* They contended, *inter alia,* that a contemporaneous oral agreement for the payment of an additional sum to that specified in the deed cannot be upheld. *Schermerhorn v. Vanderheyden,* 1 Johns. 139; *Howes v. Barker,* 3 id. 506; *Maigley v. Hauer,* 7 id. 341; *Win-*

*chell v. Latham,* 6 Cow. 682–690; *Benedict v. Lynch,* 1 Johns. Ch. 370; *Morse v. Shattuck,* 4 N. H. 229; *Fishback v. Woodford,* 1 J. J. Marsh. 84; *Williamson v. Berry,* 8 How. 495, 563–4. Cases holding that the acknowledgment of the *receipt* of the consideration expressed in the deed is not conclusive, are clearly distinguishable. *M' Crea v. Purmort,* 16 Wend. 460; *Shephard v. Little,* 14 Johns. 210; *Bowen v. Bell,* 20 id. 338; *Wilkinson v. Scott,* 17 Mass. 249; 30 Am. Dec. 117. This court has allowed the consideration to be inquired into, but never for the purpose for which this action is brought. *Frey v. Vanderhoof,* 15 Wis. 397; *Farmers' L. & T. Co. v. Comm. Bank,* id. 424; *Hannan v. Oxley,* 23 id. 519; *Horner v. C., M. & St. P. R. Co.* 38 id. 165. Before a recovery could be had in a case like this, an action must be maintained in equity to reform the deed. Again, the oral contract for the sale of the lands was void by the statute of frauds. It became valid only when reduced to writing and signed. And that part of the agreement, if any, which was not reduced to writing is still within the statute and void. See Sugden on Vendors, ch. 4, sec. 8, subd. 2, 3; 3 Sutherland on Damages, 137.

For the respondent there was a brief by *Cate, Jones & Sanborn,* and oral argument by *Mr. Jones.*

ORTON, J. In 1878 one E. D. Smith was director and superintendent, and one Henry Hewitt, Jr., was director, of the defendant company. Hewitt, on behalf of the company, negotiated a bargain with the plaintiff for the purchase from him of a strip of land one rod wide, lying along the Wisconsin river, including lakes and bayous leading into the river, for rafting and booming purposes, on lots 1 and 2, in section 15, town 24, range 7 east, for the use of said company; and Smith, on behalf of said company, consummated said bargain by paying the said plaintiff down $100 and by receiving a deed of conveyance to said company from said

plaintiff of said premises. The said $100 was the nominal consideration in said deed, but it was a part of said bargain that, in addition to said $100 named in the deed and as part of the consideration of said purchase, whenever and at such time as the said company shall sell said premises it shall pay to said plaintiff one half of the excess it shall receive as the consideration of such sale over and above said $100, after deducting from the excess costs, expenses and improvements, as the whole of said consideration. About the same time the company so purchased of the said plaintiff and so agreed, it purchased of one Jessie Martin and one John Riches a tract of land of about ten acres adjoining the premises so purchased of the plaintiff, by and through the agency of said E. D. Smith, and on behalf of the company; and it was agreed that $300 should be the nominal consideration of the conveyance thereof, but that whenever the company should sell said land, it should pay to them one half of the consideration of such sale over and above said $300, deducting costs, expenses, and improvements, which, together with the said $300 paid and named in said conveyance, should constitute the full consideration of said purchase; and the company received a deed of said Martin and Riches for that consideration and on such condition, which, in effect, was the same agreement as to a future sale of the premises as the one made between the company and the plaintiff.

The said Smith had said deeds duly acknowledged and recorded, and the company entered into possession of the premises. In 1882, the company, without making any improvements upon the premises purchased of the plaintiff, but having made some improvements on the premises purchased of said Martin and Riches, sold the whole of both of said premises to the Webster Manufacturing Company for $2,000, and the purchase money was paid into its treasury. This deed was executed by E. D. Smith as the then president, and by H. S. Smith as the secretary, of the company. The contingency

upon which the balance of the purchase money has become due and payable having transpired, the plaintiff now demands judgment for one half of the amount for which said premises so conveyed by him to the company was sold in excess of said $100, and deducting costs, expenses, and improvements, if any, to be ascertained by the proportionate value of the two premises or tracts of land so sold and conveyed to the company, which sum so demanded he alleges to be $300. These are substantially the facts proved.

In disposing of the questions raised on this appeal, it will be unnecessary to specially refer to the several errors complained of in admitting evidence, in instructing the jury, or in refusals to instruct as asked by the appellant; for the questions arise upon the mere statement of the facts and are not difficult of solution. In the order in which these questions are discussed in the brief of the learned counsel of the appellant, they are:

*First.* That the terms of the deed as to the amount of the consideration cannot be changed by parol. There was formerly some conflict in the authorities upon this question, but since the case of *Hannan v. Oxley,* 23 Wis. 519, it has not been an open question in this state. It was there held "that parol proof may be given to show an additional consideration not inconsistent with the deed." See authorities cited in the opinion. This case has been frequently followed by this court. *Horner v. C., M. & St. P. R. Co.* 38 Wis. 165; *De Forest v. Holum,* 38 Wis. 516.

*Second.* That this agreement to pay more than the consideration named in the deed is void by the statute of frauds. It is not perceived how this question can be raised in such a case. The deed is valid as a conveyance of the land, and the respondent does not seek to impeach it or to change it in any manner as a valid conveyance. He only seeks to prove by parol what was the whole consideration of the sale, and that a considerable part thereof has not

been paid. A promise to pay money, supported by a sufficient consideration, cannot be held void because it was in *parol*, most certainly; and this was all the respondent sought to show. There is consideration expressed in the deed sufficient to support it and take it out of the statute. The additional consideration of the sale not paid, whether resting in parol or in writing, cannot affect the deed as a valid conveyance under the statute in any respect. It seems to be well settled that it is competent to prove by parol what the real consideration agreed to be paid was, and to show that the same or some part of it remains unpaid, though not thereby to impeach the title conveyed by the deed. 3 Washb. Real Prop. (3d ed.), 327; *Kimball v. Walker*, 30 Ill. 510; *Villers v. Beamont*, 2 Dyer, 146; Phil. Ev. 482; *Belden v. Seymour*, 8 Conn. 304,— cases cited in respondent's brief. But the cases above cited from our own court are sufficient. The learned counsel of the appellant admits, and cites cases to that effect, that parol evidence that the consideration named and receipted in the deed has not been paid may be proper; citing *Shephard v. Little*, 14 Johns. 210. Although in that case it was only sought to prove that the consideration named in the deed had not been paid, yet Judge SPENCER, in his opinion, cites the case of a lease where parol evidence was held admissible to prove an *additional* rent to be paid by the tenant beyond that expressed in the lease, and he says, near the close of the opinion, that " although you cannot by parol substantially vary or contradict a written contract, yet these principles are inapplicable to a case where the payment or *amount* of the consideration becomes a material inquiry." This language is repeated by Judge WOODWORTH in a similar case of *Bowen v. Bell*, 20 Johns. 338. The case of *M'Crea v. Purmort*, 16 Wend. 460, also cited by the learned counsel of the appellant, was one where the clause in the deed, acknowledging the receipt of a certain *sum of*

*money* as the consideration of the conveyance, was held open to explanation by proof in parol that the consideration was to be paid in *bar iron* at a stipulated price. In *Wilkinson v. Scott*, 17 Mass. 249, it was held that the receipt or acknowledgment of the payment of the consideration in a deed was only *prima facie* or presumptive evidence of it and was open to explanation by parol; and that it was not a case within the statute of frauds, because it was not a contract for the sale of land; that *that* contract was executed and finished by the deed; and that it was only a demand for money arising out of the contract. If proving that no part of the consideration had been paid, against the receipt in the deed and acknowledgment by the deed that it had been paid, is proper, as the learned counsel admits, although so far in contradiction of the deed itself, how much more proper to prove an *additional* consideration not expressed or receipted in the deed. But enough on these first two points. See 2 Phil. Ev. 655, marginal, and cases cited in note 2.

*Third.* That the said E. D. Smith, who consummated this contract of purchase, had no authority from the corporation to act as its agent in doing so, and especially had no authority to make the agreement to pay the plaintiff such additional consideration for the purchase. It is not strenuously insisted that he did not have authority to purchase the premises for the consideration named in the deed. It could not be reasonably so claimed, for the corporation defendant received all of the fruits of the purchase, and sold and conveyed the premises at a large profit to the Webster Manufacturing Company, and received the consideration, and in the most positive manner ratified and assumed the acts of the pretended agent Smith in making such purchase and paying the consideration named in the deed and in the taking of the conveyance to the company. But it is claimed that, there being no proof that the com-

pany ever had any notice of the promise to pay this additional consideration, it therefore could not and has not ratified it. The ratification of the acts of the agent in any particular transaction is equivalent to his having prior authority from the principal to do them. *Omnis ratihabitio retrotrahitur et mandato priori æquiparatur.* It follows, then, that this case must be treated as if E. D. Smith, the director, had original authority from the corporation to make this purchase so far as any act of his is apparent on the face of the deed. But this is not the full extent of the agent's authority. He had authority to make the bargain or the contract of purchase which preceded the deed, and which was executed, at least in part, by the conveyance of the premises. And a part of such bargain was that the company should pay this additional consideration.

Had the company any right to assume, from a mere knowledge of the deed, that its agent had not agreed to pay any additional consideration? If it had, then the consideration named in the deed is *conclusive* and not merely *prima facie* or presumptively the whole amount. But we have seen that other and additional consideration may rest in a *parol* promise. Does it not follow that, the company having given the agent authority to make the purchase, such authority extended to the amount of consideration to be paid even beyond that named in the deed?

The legal rule is that the principal is not only liable for the acts of the agent in the *main* transaction, but for his acts, representations, declarations, or admissions within the *scope* of the authority confided to him respecting the subject matter, if done or made at the same time and constituting a part of the *res gestæ.* Story, Ag. § 134, and authorities in note 1. "An agent may undoubtedly, within the scope of his authority, bind his principal by his agreement, and in many cases by his acts." Id. § 136, and note. Such agreement or acts may be the very *inducement* of the

contract of sale. An example is given by the author of this principle, familiar from its frequent occurrence. Thus, for example, what an agent represented at the time of the sale of a horse, which sale was authorized by his master, whether it be a representation or a warranty of soundness or of any other quality, will be binding upon the master. Id. § 137.

. Suppose the master is not informed of anything but the sale. Is he not bound? *Mundorff v. Wickersham*, 63 Pa. St. 87. In this case the plaintiff had lent the defendant a note at the request and by the authority of the defendant's agent, and delivered it to such agent for the defendant, and at the time it was so delivered the agent, without any direct or special authority to do so from the defendant, signed a receipt for his principal, agreeing to protect the note at maturity. The defendant, as principal, was held bound by the agreement, and liable.

But, again, " it is a general rule that, when a ratification is established as to a part, it operates as a confirmation of the whole of that particular transaction of the agent." So a debtor cannot have the benefit of a compromise and release effected by his agent with his creditors, without adopting all the representations made by the agent to the creditors in negotiating the same. *Ferguson v. Carrington,* 9 Barn. & C. 59; *Corning v. Southland,* 3 Hill, 552; and other cases in note 1. to § 250, Story on Agency. This principle is irrespective of notice to the principal or want of notice as to some part of the contract. But even in respect to notice, notice of facts to an agent is constructive notice thereof to the principal himself when it arises from or is connected with the *subject matter* of his agency; for, upon general principles of public policy, it is presumed that the agent has communicated such facts to the principal; and if he has not, still, the principal having intrusted the agent with the particular business, the other party has the right

to deem his acts and knowledge obligatory upon the principal. Id. § 140, and note 1.

In the application of these principles, what was the *subject matter* and the *res gestœ*, and what was the *scope* of the agency of E. D. Smith in making the purchase and taking the deed of the plaintiff's land and privileges for the use of the company? Was it not the whole agreement and its terms and conditions? It must be conceded that Smith had authority to pay the $100 and receive the deed. But this was not the whole of the subject matter of the transaction or of the *res gestœ*, or the *scope* of the contract. There was a promise to pay more than the $100 named in the deed, and which may be presumed to have constituted, at least to a great extent, the inducement of the sale. It must be held that the company is bound to pay this additional consideration, because (1) it was a material part of the bargain the agent was authorized to make; (2) the company is bound by the act or promise of the agent within the *scope* of the main transaction which was authorized or ratified by the company, and such promise was a part of the *res gestœ;* (3) the ratification of a part is a ratification of the whole of that particular transaction of the agent; (4) notice to or knowledge of facts by the agent is constructive notice thereof to the principal himself when it arises from or is connected with the subject matter of the agency, and it is presumed that the agent has communicated such facts to the principal, and, if he has not, the principal having intrusted his business to the agent, the other party has the right to deem his acts and knowledge obligatory upon the principal; (5) where a corporation has received the benefit of a contract, it must perform its part of it (*De Groff v. Am. L. T. Co.* 21 N. Y. 127); (6) when a party deals with a corporation in good faith, in respect to matters concerning which it has conferred authority upon the agent, and is unaware of any defect of authority or other irregularity on

the part of the agent, and there is nothing to excite suspicion of such defect or irregularity, the corporation is bound by the contract, although such defect or irregularity exist (*Gano v. C. & N. W. R. Co.* 60 Wis. 12; *Merchants' Bank v. State Bank*, 10 Wall. 604); (7) the company having accepted the benefit of the contract, and retained the property, or sold it and received the purchase money and retained it as the fruits of the contract, it must carry out all the terms of the contract and pay the full amount of the purchase money agreed to be paid therefor by its agent (*Scott v. M. U. & W. G. R. Co.* 86 N. Y. 200; *Le Neve v. Le Neve*, 3 Atk. 655).

The only other question to be considered is whether the method adopted by the circuit court, by instruction to the jury, and in the admission of evidence, by *apportionment* upon the comparative value of both tracts of land included in the deed of the company to the Webster Manufacturing Company, was the proper manner of ascertaining the amount for which the tract sold and conveyed by the plaintiff to the company was sold for. It was the fault of the company that it sold both tracts together and conveyed them by the same deed for a consideration in gross. This has made such an apportionment absolutely necessary. It cannot be ascertained for what the premises sold by the plaintiff were sold for by the company in any other known way. In such a case, apportionment is the proper method. 1 Bouv. Law Dict. tit. APPORTIONMENT. It is the only method of determining the amounts which each of several parties interested in an estate shall pay towards the removal of an incumbrance on the whole. 1 Washb. Real Prop. 96, 534. It is the only method of ascertaining the damages in case of a breach of the covenant of seizin as to a part only of the premises conveyed. *Hall v. Gale*, 20 Wis. 292; *Noonan v. Ilsley*, 21 Wis. 138. There is no more difficulty in apportioning this excess received by the company, be-

tween the plaintiff and Martin and Riches, than in any other apportionment. There is no mathematical certainty in any apportionment, for it depends upon comparative values, but it is as near certainty as possible.

This cause was evidently very ably tried, and the rulings of the court seem to have been deliberate and judicious. We do not think there is any error in the record that is material, and the verdict appears to be just and supported by the evidence.

. *By the Court.* — The judgment of the circuit court is affirmed.

See note to this case in 31 N. W. Rep. 476.— Rep.