## WYCKOFF V. JOHNSON.

1.  The plaintiff, who sued as receiver of a national bank, complained upon a promissory note, describing it, alleged to have been made and delivered to the bank by defendant. Defendant answered that he made a note of the tenor of the one described in the complaint, which, since its delivery to the payee, (said bank) had been, without his knowledge or consent, and at the instigation of said bank, materially altered; that the note so altered was the note sued on, but by reason of said alteration it was not his note; and that he never made or delivered it. *Held*, that this did not constitute a denial of the making of the note which plaintiff alleged as his cause of action.

2.  Upon the trial it was conceded the alteration was made by the cashier of the bank, but plaintiff insisted that such act of the cashier was unauthorized by and did not bind the bank. *Held*, that defendant was entitled to show by the books of the bank that the note had been carried on the books of the bank as a discount for the amount to which it had been so altered, as evidence tending to show an adoption or ratification by the bank of such alteration; and that the knowledge of the cashier as to the condition of the discounts of the bank was the knowledge of the bank. *Held, further*, that, although in the absence of fraud plaintiff might, notwithstanding the alteration, recover on the original consideration, still when he undertook to do so defendant was entitled to show any defense he might have made to an action on the original contract; and the refusal of the court to allow defendant to prove the entire contract upon which the indebtedness rested, and any contemporaneous agreement between the parties, which became apart thereof, was error.

3.  A principal cannot avail himself of the unauthorized act of his agent, so far as it is advantageous to him, and repudiate its obligation.

(Syllabus by the Court.   Opinion filed May 28, 1891.)

Appeal from circuit court, Lake county. Hon. FRANK R. AIKENS, Judge.

Action by plaintiff as receiver of a national bank to recover upon a promissory note given by defendant to the bank. The defendant answered, pleading an alteration of the note as a defense. There was a verdict for plaintiff and judgment was thereupon entered. Defendant appeals. Reversed.

The facts are fully stated in the opinion.

*Palmer & Rogde,* for appellant.

In the collection of the note in suit the receiver stood in the same relation, was subject to the same legal conditions that the bank would have occupied in an attempt to enforce payment before its insolvency. Casey v. Society, 2 Wood, 84; Gibson v. Worden, 14 Wall. 248.

The fraudulent alteration of the note in suit is such an alteration as relieves the defendant from all liability on the written instrument. Wade v. Withington, 1 Allen, 561; Kilkelley v. Martin, 34 Wis. 525; Townsend v. Star Wagon Co. 7 N. W. 274; Stoddard v. Penniman, 108 Mass. 366; Daniels on Neg. Inst. § 1384; §§ 3594, 4762 Comp. Laws.

The fact that the defendant was the holder of stock in the bank for which the altered instrument was given does not change the legal effect of the alteration. Salem Bank v. Gloucester Bank, 17 Mass. 1; § 5136 Rev. Stat. U. S.; Crawford v. Bank, 100 N Y. 50.

The plaintiff cannot recover upon the original consideration for the altered note so long as his action stands to recover upon the instrument itself.

*McMartin & Carland,* for respondent.

The receiver produced the certificate of his appointment and was sworn and testified that he was receiver of the bank. This was sufficient authority for him to maintain the action, it being admitted that defendant gave the note to the bank. Platt v. Beebe, 57 N. Y. 339; Cadle v. Baker, 20 Wall. 65; 2 Morse on Bank, § 150; Bank v. Kennedy, 17 Wall. 19.

The cashier had no actual or implied authority from the bank to make the alteration complained of and there is no evi-

dence to show the bank ever authorized or ratified the act of the cashier in making the alteration. The alteration, therefore, stood in the same legal position as if made by a stranger. Hunt v. Gray, 35 N. J. 227; Rees v. Overbaugh, 6 Cow. 747; 2 Daniels Neg. Inst. § 1373; U. S. v. Spaulding, 2 Mason, 478; Bank v. Roberts, 45 Wis. 373; Brooks v. Allen, 62 Ind. 401; Laengenberger v. Kroeger, 48 Cal. 147; 1 Green. Ev. § 566; Tubbeing v. Kalbrecher, 22 Mo. 595; Medlin v. Platt County, 8 Mo 235; Thompson v. McKee, 5 Dak. 172; Davis v. Randall, 115 Mass. 547; Bank v. Dunn, 6 Pet. 57; Bank v. Jones, 8 Id. 14; Bank v. Tisdale, 84 N. Y. 655; Wyman v. Bank, 14 Mass. 58.

Even if the alteration in the note destroyed it, still as there was no evidence of fraud on the part of any party to the note the plaintiff was at liberty to ask a recovery on the original contract as alleged in defendant's answer. Krause v. Meyers, 32 Ia. 566; Clough v. Levy, 49 Ia. 111; Morrison v. Huggins, 53 Ia. 76; Eckert v. Pickel, 55 Ia. 545; Sullivan v. Rudstl, 18 N W. 856; Hunt v. Gray, 10 Am. Rep. 233; Owen v. Hall, 16 At. 366; Booth v. Powers, 56 N. Y. 31; Meyer v. Hnneke, 53 N. Y. 412. The allegations in the answer supplied the omission of an allegation as to the original contract in the complaint. 1 Chitty Plead. Chap. 10; Stephen Plead. 146; Bliss on Code Plead. 437; Pindal v. Trevor, 30 Ark. 249; § 5097 Comp. Laws.

The judgment on the conceded facts is right in law. When this is so the appellate court will not reverse even if it disagrees with the reasons given for the judgment below. Mann v. Welton, 32 N. W. 599; Hinds v. Cottle, 9 N. E. 654; Menk v. Mortgage Co. 79 Ga. 213; Atwood v. Partree, 56 Conn. 80; Stone v. Cronis, 87 Ky. 173; Smith v. Aubrey, 19 Ala. 63; Scroeder v. Johns, 27 Cal. 274; Maher v. Stoner, 14 Ia. 379; Stackpole v. Wickham, 7 La Ann. 678.

KELLAM, P. J. In this action the complaint alleges organization of the Madison National Bank, under the "national bank act," the appointment of respondent as its receiver, and the assumption of his duties as such; that defendant (appellant) made and delivered his promissory note to said bank for $1,000

and interest; and that the note was due and entirely unpaid. The answer denied the appointment of plaintiff as receiver, and then proceeded as follows: "*Third.* And, answering the fourth paragraph of said complaint, defendant alleges that for the consideration hereinafter stated, and upon the condition hereinafter named, but not otherwise, this defendant, on the 10th day of March, A. D. 1888, made his promissory note, partly in print and partly in writing, whereby and wherein he promised to pay to said bank or order one thousand dollars, on or before March 10, 1889, with interest thereon from date of said note till paid, at the rate of ten per cent per annum. That shortly after the making and delivery of said note some one, at the instigation of said bank, the payee of said note, or by its direction and without defendant's knowledge or consent, fraudulently and corruptly altered said note in one or more material points thereof, towit, in the upper left hand margin thereof the payee erased the figures '$1,000,' for which said note was given, and substituted '$1,060,' thereby making it to appear that said note was given for the sum of $1,060, instead of $1,-000. And, further, in the body of said note, immediately after the words 'one thousand,' said payee wrote and added to said words 'one thousand' the word 'sixty,' thereby fraudulently making it to appear that said note was given for the payment of one thousand and sixty dollars, instead of one thousand dollars, as was intended by and between the parties to said note. That the note so altered and changed is the identical note sued on in this action, and defendant never has ratified or offered to pay said note in any manner; and by reason of said alteration defendant alleges that the note sued on in this action is not his note, and he never made or delivered said note to the payee therein named, or to any person whomsoever. *Fourth.* Defendant alleges that said note as actually given by him was so made and delivered to the officers of said Madison National Bank in payment of certificate No. 49, issued by said bank, and calling for ten (10) shares of the capital stock of said bank of one hundred dollars each, for which ten shares of stock defendant agreed to pay said bank one thousand dollars on the 10th

day of March, 1889, and interest thereon at ten per cent per annum.    That at or about the due day of said note defendant discovered that plaintiff had fraudulently altered his note as aforesaid, and therefore, and because of said fraud so practiced upon him, he duly offered to return to said bank the ten shares of stock so purchased of said bank, and then and there duly demanded a surrender of his said note which had been previously altered as aforesaid.    That the plaintiff and said bank then and ever since refused, and still refuse, to surrender said note to this defendant.    That defendant will produce said certificate No. 49 into court for the use of and surrender to plaintiff.    That the plaintiff had full notice of the said alterations of said note ever since prior to January 1, 1889."    The action coming to trial, plaintiff introduced, over defendant's objection, his certificate of appointment as receiver by the comptroller of the currency, and rested.    Defendant's counsel then asked the court to direct a verdict for defendant, for the reason that plaintiff had proved no cause of action; that the answer denied that the note sued on was the note executed by the defendant, thus putting the burden of proof on plaintiff; and, as he had introduced no evidence upon that question, he had made no proof that entitled him to judgment.    The motion was denied, and, we think, properly.

The note sued on described in the complaint was the note as originally made for $1,000,—not as it was after alteration; and this note for $1,000, as it was originally, and as made the cause of action in the complaint, defendant did not deny making, but admitted, and then pleaded facts in avoidance, towit, a material and unauthorized alteration.    It is true the answer alleges that "by reason of said alteration defendant alleges that the note sued on in this action is not his note, and he never made or delivered said note to the payee therein named, or to any person whomsoever;" but this was not such a controversion of the allegation of the complaint that defendant made and delivered to plaintiff the $1,000 note therein described as raised any issue upon that fact.    The note sued upon was the note stated in the complaint as plaintiff's cause of action, towit, the

$1,000 note as originally made; and defendant's affirmative allegation of alteration would only be pertinent or available to him upon the theory that he had made such a note. We construe the answer to be an admission—because not controverted—that defendant made the note as it originally was, and as declared in the complaint, with an averment of facts designed to avoid it. The burden, then, as correctly held by the court below, was upon the defendant to prove the new matter set up in the answer. In support of such defense we think the evidence fairly establishes the following facts: Defendant Johnson gave the original note to the Madison National Bank, delivering the same to S. W. Jacobs, its cashier. The consideration was ten shares of the stock of the bank. It was then a note for $1,000, both in figures and writing. While it was in possession of the bank it was altered, both in the figures and writing, so as to make it a note for $1,060. This alteration was without the knowledge or consent of the defendant. The evidence strongly tends to show, and upon the argument it was treated as a fact, that the alteration was made by Cashier Jacobs. Section 3595, Comp. Laws, declaring the law of this state in regard to the alteration of written instruments is as follows: "The intentional destruction, cancellation, or material alteration of a written instrument by a party entitled to any benefit under it, or with his consent, extinguishes all the executory obligations of the contract in his favor against parties who do not consent to the act." That the alteration of a note for $1,000 so as to make it a note for $1,060, is material, cannot be doubted. That it was intentional appears from the evidence as to why and for what purpose it was done. The only debatable question is, was it done "by a party entitled to any benefit under it, or with his consent?" Respondent insists that Cashier Jacobs, who made the alteration, had no actual or implied authority from the payee (the bank) to do so, and that no evidence was offered or introduced tending to show that the bank had ever ratified the act of Jacobs in making such alteration. The test, of course. as to whether the bank was bound by and liable for the consequences of the act of its cashier, no express authority being

shown, would be, was such act within the scope of his authority as such cashier, or was it subsequently ratified by the bank? Without going into the question of the original authority of the cashier to make the bank liable, we think the court erred in refusing to allow defendant to show that the bank had treated the note as a note for $1,060, thus at least tending to show assumption and ratification by the bank of the act of the cashier in making it a note for the latter amount. Col. Murray, for the defendant, testified that he had traced this note through the books of the bank. Defendant's counsel then asked to have produced the books of the bank, of which he had given previous notice to plaintiff's attorney, which the court denied, on the ground "that it would only corroborate S. W. Jacobs statement that the stock was sold above par," but the evident object of the defendant in having produced and made evidence the books referred to was to show, if he could, that the bank had adopted the work of its cashier, and carried this note upon its books as a note for $1,060. Again, after such refusal by the court, the same witness testified: "When I was at the bank examining these papers, I traced this note through the books of the bank." He was then asked if such examination disclosed the entry of this note upon the books of the bank at a greater sum than $1,000. Plaintiff objected, and the witness was not allowed to answer. Upon the theory that the cashier's act of altering the note did not bind the bank, which respondent insists upon, the plaintiff was clearly entitled to show a subsequent ratification of such act by the bank, and any competent evidence tending to establish such fact should have been received. The books of the bank would be competent to show what, if anything, it had done in respect to the alteration. That the books of the bank showed that the note had been entered and carried as a discount in its altered condition might, perhaps, not be proof of ratification, but it would be evidence of it. Respondent suggests in his brief that the demand for the books was too general, and properly refused upon that ground, but it was not refused upon that ground,

but specifically upon another. The call for the books was made immediately after and in connection with Col. Murray's statement that he had traced the note through the books of the bank. No question was made as to the sufficiency of the notice, either as to time or defiteness. The ruling of the court precluded any inquiry as to its adequacy, for it went to the merits, and meant that the books were inadmissible under any notice. It is conceded by all that the cashier knew the note had been altered. The current knowledge of the cashier concerning the discounts of the bank was imputable to the bank. Farmers' and Traders' Bank v. Kimball Milling Co., (S. D.,) 47 N. W. Rep. 402; Bank v. Town of New Milford, 36 Conn. 93. If with such knowledge the bank took up the note in its altered condition, and carried it on its books as a note for $1,-060, instead of for $1,000, the defendant was entitled to prove it, as tending to show an assumption or ratification of the unauthorized act of its cashier. In refusing to allow defendant to show such fact, if he could, either by the bank books or by evidence of their contents, the court was in error.

The respondent contends, however, that, even conceding that the note was destroyed by the alteration, still, as no fraud was shown on the part of the bank, plaintiff might recover "on the original contract as alleged in defendant's answer." This is correct, except as qualified by the words, "as alleged in defendant's answer." Defendant's answer undertook to state a defense to plaintiff's complaint on the note, not to a complaint on the original contract for the sale of the stock. When plaintiff abandoned the note as a cause of action,—if he did,—and proceeded upon the original indebtedness, it was as though he amended his complaint, stating the substituted cause of action, towit, the original contract. To meet this defendant might amend his answer. It does not appear that either complaint or answer was in fact amended; but, as against plaintiff's application to be allowed to recover upon the original contract, defendant was not confined to what he had pleaded as a defense to the promissory note, but was entitled to show any defense he might have pleaded and proved in an action on the contract.

As against the note he might not be entitled to show what the contract was, but as against an action on the contract he clearly was so entitled.   We are unable to determine from the abstract whether the judgment was based on the note or upon the indebtedness.   The record shows that at the close of the testimony plaintiff asked the court to direct a verdict in his favor, which was denied.   The plaintiff then produced the note in court, offered it to the defendant to be canceled, and asked that judgment be rendered against him upon the pleadings for the sum of $1,000 that he agreed to give for the stock, with interest, as alleged in his answer.   The defendant then asked, if plaintiff's claim to recover was based upon the original indebtedness for which the note was given, to show by competent evidence that at the time of the sale of the stock and the giving of the note there was a contemporaneous oral agreement between the officer of the bank making the sale for the bank and defendant that the note should be redelivered and surrendered up to defendant upon demand and return of the stock, and that prior to the commencement of this action defendant had tendered back the stock, and demanded his note.   This the court refused, and the ruling is justified by respondent on the ground that the cashier had no authority to make the agreement which defendant sought to show.   But seeking to recover on the sale of the stock was a full recognition by the bank, either of the cashier's authority to make the sale, or of its subsequent ratification of it; but it could not adopt the sale without adopting the terms upon which it was made.   It is elementary law that a principal cannot avail himself of the unauthorized act of his agent so far as it is advantageous to him, and repudiate its obligations; and this rule applies as well to implied as to express ratification.   When, therefore, plaintiff sought to recover upon the original agreement, defendant should have been allowed to show the contemporaneous agreement concerning the sale made with the cashier, for it constituted a part of the terms of the sale.   Taking the two parts together,—and we must assume that defendant could have prove such agreement,—it appears that defendant only bought

the stock upon the condition that the bank would take it back, if he so desired, and surrender his note to him. The bank could not ratify and adopt the sale without adopting this condition, for the condition was a part of the sale. Section 3973 Comp. Laws. Eberts v. Selovr, 44 Mich. 519, 7 N. W. Rep. 225; Mc-Clure v. Briggs, 58 Vt. 82, 2 Atl. Rep. 583; Mercier v. Copelan, 73 Ga. 636. Controlled by these views, we are obliged to reverse the judgment of the court below. All the judges concurring.