## UNION TRUST CO. v. PHILLIPS *et al.*

1. A corporation or an individual cannot adopt and claim the benefit of a contract made in its or his behalf by one assuming to act as agent, and

at the same time repudiate the means or representations by which such contract was so procured.

2. This rule controls, even through such agent, to the knowledge of him with whom he deals, has an interest in the making of the contract distinct and separate from that of his principal, unless there is collusion or fraudulent connivance between the agent and such other contracting party.

(Syllabus by the Court. Opinion filed June 29, 1895.)

Appeal from circuit court, Minnehaha county. Hon. Joseph W. Jones, Judge.

Action on a promissory note. Defendants had judgment, and plaintiff appeals. Affirmed.

The facts are stated in the opinion.

*Chas. L. Brockway* for appellant.

A cashier of a bank may bind it by acts done outside of the scope of his authority. North v. Stebbins, 2 S. D. 74; U. S. v. City, 21 How. 346; Buffalo v. Shorp. 58 N. W. 734; Horngon v. Bank, 10 Legal News, 112.

*D. E. Powers* for respondents.

A party who affirms a contract made for him by his agent must adopt all the instrumentalities employed by his agent to bring it to a consummation. Elwell v. Chamberlain, 31 N. Y. 619; Hickland v. Minasha, 68 Wis. 34; 2 Beach Priv. Corp. 448; Boone. Corp. 79; Caley v. Railroad, 80 Pa. 363.

Kellam, J. This was an action upon a promissory note given by respondents to appellant. The defense was that it was procured through the fraudulent misrepresentations of C. E. Johnson, the secretary and agent of the payee. Except as to one ques-tion of law, there is little in the case for the consideration of this court. The verdict of the jury settles the questions of fact, and while we are not entirely satisfied that it was correct, the evidence is sufficient to sustain it.

Respondent Arthur C. Phillips inherited from his father cer-tain shares of stock in the Sioux Falls Improvement Company. C. E. Johnson, said in the answer to be the secretary, by himself, the vice president, and by another witness, the treasurer, of appel-

lant, was also a stockholder in said company. The stock was not at that time considered valuable, but, evidently with a view of increasing its value and thus benefiting the holders, including Phillips and Johnson, a plan was proposed for the organization of a new company, of which one Mathesius seems to have been the principal promoter. A. Frizzell held the title to a piece of land in which the improvement company was interested, the title to which it was considered desirable for the new company to obtain. He was indebted to the appellant. The plan finally agreed upon was that Phillips should give his note, to be also signed by his mother, correspondent herein, to the appellant for the amount of Frizzel's indebtedness to it, he in turn to take Mathesius' note for a like amount, and convey the land to him. This was so done. The misrepresentations relied upon were the statements of Johnson to Phillips as to Mathesius' responsibility, by which he was induced to give the note as aforesaid, which is the note sued upon. The legal question referred to at the opening is whether, under these conditions, the appellant corporation was bound by the representations of Johnson, its acting officer. The case was tried upon the theory that appellant was so bound. Appellant insists that this was wrong, and thus states his contention in this respect: "When an agent of a corporation, doing business for his principal, has a direct personal interest in the result of the transaction, separate from the interest of his principal, whether distinctly hostile to his principal or not, his acts and representations in and about the business of his principal, even though within the scope of his ostensible authority, are not binding upon his principal."

The general rule unquestionably is that one, whether an individual or a corporation, who seeks to enforce and derive a benefit from a contract undertaken to be made in his or its behalf by another, must adopt not only the entire contract, but the means by which the contract was procured. This was very directly declared by this court in Wyckoff v. Johnson, 2 S. D. 91, 48 N. W. 837. To the supporting authorities therein cited may be added Joslin v. Miller, 14 Neb. 91, 15 N. W. 214; Kickland v. Wooden-Ware

Co., 68 Wis. 40, 31 N. W. 471; Elwell v. Chamberlain, 31 N. Y. 619. Doubtless there might be cases to which this rule could not properly be applied, and to which the thought of appellant's proposition would be pertinent, but we think they would be cases where the evidence showed collusion between the agent and the party with whom he dealt. The third party thus participating with the agent in an attempted fraud upon the principal ought not to be allowed to take advantage of his own wrong by basing a defense upon it, but it would be a dangerous doctrine to promulgate that a principal might take and enjoy the benefit of a contract made for him, and at the same time disown and repudiate the very representations the making of which induced and procured the contract, because the party making such representations was known to be interested in having it made. The agent would be so interested in every case where his compensation depended upon securing the contract, as in case of commission, and so in every such case the contract procured through the fraudulent misrepresentations of the agent would be · enforceable by the principal, because the party with whom the agent contracted knew that he had "a direct personal interest in the result of the transaction, separate from the interest of his principal." It may be, as a matter of fact, as suggested by appellant's counsel, that as a part of the transaction the bank gave up· Frizzell's note, which, secured as it was, was just as valuable as the note which it got from respondents, and that it received no benefit from the change, and that respondents fully understood that the purpose of the exchange was not so much to improve the condition of the bank as to accomplish other ends in the interests of certain stockholders, notably, Johnson and Phillips, in the improvement company; but the fact still remains, as settled by the verdict of the jury, that the procuring cause of the giving of the note by respondents was the representations by Johnson of the financial condition of Mathesius. By the verdict it is established that without these representations respondents would not have given this note. The facts thus·established make the false representations, and not the pros-

pect of gain to respondent Phillips, the efficient factor in the procurement of the note. We think the case was tried upon a correct theory of law, and this conclusion disposes of the subordinate questions concerning the admission and rejection of evidence. The Judgment is affirmed.