MOODY & MECKELBURG COMPANY, Appellant, vs. TRUSTEES
OF THE METHODIST EPISCOPAL CHURCH OF PORT WASH-
INGTON and others, Respondents.

*March 2 — March 22, 1898.*

*Agency: Lien of materialman: Ratification of contract: Religious cor-*
*poration.*

1. A pastor of a church who transacted the entire business of having
   the church building repaired and remodeled, with the knowledge
   of the church corporation and its trustees, without any objection
   on the part of either, must be deemed their agent in respect to
   such matter, upon whom, under sec. 3315, R. S. 1878, service of a
   notice of a subcontractor's lien may lawfully be made.
2. Where the pastor of a church, acting as its agent, though without
   authority, made a written contract for the repair and remodeling
   of thé church building, and supèrintended the work, and the mem-
   bers and trustees of the church corporation, with full knowledge
   of the facts, made no objection to his acts, but subsequently ap-
   proved thereof by partly paying for such improvements and ac-
   cepting and using the building, *held*, that his contract must be
   regarded as effectually ratified.
3. A corporation may ratify the unauthorized act of one claiming to
   be its agent as well as may a natural person.
4. The pastor, not being a trustee, does not, by merely acting as such
   agent, incur any personal liability.

APPEAL from a judgment of the circuit court for Milwau-
kee county: D. H. JOHNSON, Circuit Judge. *Affirmed in part;*
*reversed in part.*

This. is an action to enforce a materialman's or subcon-
tractor's lien upon a church building. The action was tried
by the court, and the facts are not materially in dispute.

It appeared that the defendants' church building was re-
modeled in the year 1893 by the defendant Parsons as prin-
cipal contractor, the work being finished about September 18,
1893. The plaintiff corporation furnished building materials
to Parsons to be used in the building, and which in fact went
into the building (except a few small items), amounting to

$705.60, the last item being furnished September 18th, and no part of the amount has been paid. The defense was that the trustees of the church never made or authorized any contract with Parsons for the work, and that the sixty-day notice required by sec. 3315, R. S. 1878, was never served upon the trustees or their agent. Upon these issues it appeared that there were four trustees of the church, and that the defendant *Leek* was the pastor of the church; that no contract was made by the trustees; but that *Mr. Leek* and one Coe, acting for the church, made a written contract with Parsons for the remodeling of the church without specific authority so to do from the trustees. The work went on under the contract, numerous changes being made from time to time, all under the direction of *Leek*, who acted as superintendent on behalf of the church. The work occupied from May until September, and the congregation worshiped in the basement during that time. The trustees attended church, and knew of the work, and made no objection. The work was practically done September 21, 1893, and the church was then dedicated. Difficulties then arose as to payment. The church found it hard to raise money. In November it appears that the trustees gave a mortgage on their parsonage for $500 to pay a part of the indebtedness for remodeling, but there was still a considerable amount left due. In October or November a meeting was arranged between the creditors and the trustees and *Leek*, and efforts were made to settle with all creditors. Plaintiff's representative was present at the meeting, and its claim was recognized, and an agreement was made in writing to settle at eighty cents on the dollar. This agreement was signed by all the creditors, and by four men acting for the church, of whom at least two were trustees; but it was never carried out. It is uncertain whether this meeting was a valid meeting of the trustees or not. The plaintiff demanded the production of the records of the corporation on the trial, but they were not produced.

On the 6th of November, 1893, the plaintiff caused to be served upon *Mr. Leek* a sufficient notice, claiming a subcontractor's lien, but he did not hand it to the trustees until two or three months later. Afterwards this action was commenced against *Leek* and the trustees and Parsons.

The court found that the materials were furnished to be used in rebuilding the church, but that no notice of the plaintiff's claim for a lien was served on the trustees within the time required by law, and that said trustees had no agent; also, that *Leek* was not a trustee, and never became personally liable therefor,— and judgment was rendered dismissing the complaint, with costs, as to *Leek* and the trustees, and awarding a personal recovery in favor of the plaintiff against Parsons for the amount of its claim, with costs.

The plaintiff appealed from the entire judgment, except that part in its favor against Parsons.

*J. A. Eggen*, for the appellant.

For the respondents the cause was submitted on the brief of *Wm. M. Foster*, attorney, and *W. J. Turner*, of counsel. Among other things, they argued that the plaintiff could not be a subcontractor, there being no contract between the trustees and the principal contractors. Phillips, Mechanic's Liens, sec. 44; *McGinniss v. Purrington*, 43 Conn. 143, 147. The church corporation is not bound by the acts of its trustees unless they were convened at an authorized official meeting, held pursuant to a call addressed to all. *United Brethren Church v. Vandusen*, 37 Wis. 54; *Doyle v. Gill*, 59 id. 518, 520; *Leonard v. Lent*, 43 id. 83, 88.

WINSLOW, J. The claim on behalf of the church is (1) that the trustees never made any contract with Parsons, and hence that Parsons was not a principal contractor; and (2) that *Leek* was not its agent, so that valid service of the notice of the plaintiff's claim for lien could be made upon him. Both of these claims we regard as untenable.

It seems to be true that Parsons did not originally contract with the trustees, but the evidence abundantly shows that the trustees ratified the contract made by *Leek*. A corporation may ratify the unauthorized act of one claiming to act as its agent, as well as a natural person, and such ratification, when made with knowledge of the facts, operates as though previous authority had been given. Mechem, Agency, §§ 158, 167; *Kickland v. Menasha Wooden Ware Co.* 68 Wis. 34. We regard the acquiescence of the corporation and its trustees in the acts of *Leek*, and the subsequent approval thereof by partially paying for the improvements and accepting and using the building with full knowledge of the facts, as an effectual ratification of *Leek's* transactions with Parsons.

Nor can it be doubted that *Leek* was the agent of the church in the matter of the rebuilding, within the meaning of sec. 3315, R. S. 1878, so that valid service of the subcontractor's claim for a lien could be made upon him. *Leek* was not only the pastor of the church, but transacted the entire business from start to finish, without objections from the church corporation or from the trustees individually. It was not necessary that he have a power of attorney in writing.

These considerations require a reversal of the judgment so far as the church is concerned. No personal liability on the part of *Leek* was shown, however, nor was he a trustee of the church; hence the judgment was right as to *Leek*.

*By the Court.*— That part of the judgment dismissing the complaint as to *Leek* is affirmed, without costs; that part of the judgment dismissing the complaint as to the trustees is reversed; and the action is remanded, with directions to enter judgment for a lien in accordance with the prayer of the complaint.