Argued at Pendleton November 1, affirmed November 22, 1927.

# MARIE MAASDAM *v.* GARRETT VAN BLOK-LAND ET AL.

### (261 Pac. 66.)

**Evidence—Letter Written by Defendant's Attorney at Defendant's Direction Held Inadmissible in Defendant's Behalf as in Nature of Self-serving Statement.**

1. Letter written by defendant's attorney pursuant to defendant's direction, in response to letter from plaintiff's attorney respecting note in question, *held* inadmissible as being in the nature of a self-serving written statement.

**Evidence—Letter Written by Defendant's Attorney Answering Letter Written by Plaintiff's Attorney Held not Admissible Because Letter Written by Plaintiff's Attorney was in Evidence Where Latter Letter was Introduced by Co-defendant, was Irrelevant, and Afterward Withdrawn.**

2. Letter written by defendant's attorney at direction of defendant in response to letter written by plaintiff's attorney *held* not admissible in evidence because the letter written by plaintiff's attorney was admitted, where this latter letter was introduced by co-defendant without objection, and tended to prove no issue, and was afterward withdrawn from jury.

Partnership—Instruction on Existence of Trading Partnership and Liability of One Partner on Note Executed by Other Partner Held Applicable to Evidence.

3.  Instruction that, if defendant partners were engaged in business of buying and selling cattle they had formed trading partnership, and that if one partner borrowed money and executed note in question for purpose of business, and that at the time the partners were engaged in the business of buying and selling cattle, verdict should be for plaintiff *held* not error.

Partnership—"Trading Partnership" or "Commercial Partnership" is One, the Business of Which is Buying or Preparing for Sale and Selling Commodities for Profit.

4.  "Trading partnership" or "commercial partnership" is one, the business of which is buying or preparing for sale and selling commodities for profit, but it is not essential that buying and selling be the sole purpose of the firm, nor even its most characteristic feature.

Partnership—Member of Trading Partnership has Implied Power to Pledge Partnership's Credit in Issuance of Commercial Paper.

5.  Member of trading or commercial partnership has implied power to pledge credit of partnership in issuance of commercial paper.

Partnership—Instruction on Ratification of Issuance of Partnership Note by Other Partner Held not Error.

6.  Instruction that, if plaintiff loaned money to partner at time he executed note in name of partnership and money was received by partnership and used in its business with knowledge of other partner, then other partner was liable on note *held* not error.

Partnership—Each Partner is Agent of Other Partner.

7.  Each member of a partnership is the agent of the other member of it.

Partnership—Where Partner Ratifies Unauthorized Act of Other Partner, Act is Binding on First Partner or Firm.

8.  Where one member of partnership ratifies act of another partner which is not within the scope of his express or implied power, the act is binding on the first member and on the firm.

Partnership—Where Partner Ratified Act of Other Partner in Obtaining Money on Partnership Note and Using It for Benefit of Partnership and Accepted Fruits of Transaction, He was Liable on Note.

9.  Where one member of partnership ratified act of other member in receiving money on note executed in partnership name and in using money for benefit of partnership business and accepted fruits of transaction, he might not escape liability on note.

---

5.  See 20 R. C. L. 900.
7.  See 20 R. C. L. 882.

**Partnership—In Determining Authority or Apparent Authority of Partner, Past Transactions Indicating Custom or Course of Dealing Peculiar to Partnership may be Considered.**

10. In determining the scope or apparent scope of authority of a partner to bind the firm, recourse may be had to past transactions indicating a custom or course of dealing peculiar to the partnership.

**Partnership—Instruction on Authority of Partner to Execute Partnership Note Held not Error.**

11. Instruction that, if partnership in course of business repeatedly borrowed money and executed negotiable promissory notes therefor, and that the same was necessary in conduct of partnership business, then action of partner in signing note in question would be within scope of partnership business and other partner liable therefor, even though he did not know of signing of note at time it was executed, *held* not error.

Agency, 2 C. J., p. 425, n. 65.
Evidence, 22 C. J., p. 220, n. 26, p. 221, n. 27.
Partnership, 30 Cyc., p. 349, n. 1, p. 478, n. 53, p. 480, n. 55, p. 504, n. 77, p. 510, n. 2, p. 511, n. 8, p. 529, n. 9, 14, p. 589, n. 11, p. 591, n. 21.

From Union: J. W. Knowles, Judge.

In Banc.

This is an action brought by plaintiff Marie Maasdam against Andrew Blokland and Garrett Blokland, partners doing business as Blokland Brothers, to recover upon a promissory note for $3,650, dated April 1, 1921, payable three years after date with interest at 7 per cent per annum, and providing for reasonable attorneys' fees.

The note was executed by Andrew Blokland in the name of Blokland Brothers, a copartnership. The cause was tried before the court and a jury and a verdict rendered in favor of plaintiff. From a resulting judgment defendant Garrett Blokland appeals.

It appears from the record that these brothers had been engaged in business together as a partnership

10.   See 20 R. C. L. 885.

for some twenty or more years. They were extensive ranchers and engaged in the business of raising, buying and selling registered cattle. The testimony tended to show that in the course of their business in conducting their large ranch operations and in buying and selling cattle, it was necessary for the partnership to borrow large sums of money, amounting to many thousands of dollars.

At first the partnership name was signed to the notes, executed by one or both of the partners; afterward, when they got above the limit of the bank, which was about $26,000, notes were signed individually, but the money placed to the credit of the firm. At that time, as the note of plaintiff was not yet due, Andrew Blokland, as between himself and his brother, agreed to pay the note, but no claim is made that Miss Maasdam ever consented to release Garrett Blokland on the note, or that she had any knowledge of the dissolution of the partnership as she worked in a store in Colorado. The interest was paid for several years, but when the note became due Andrew Blokland became financially involved and failed to pay the same, and this action was instituted against both partners.

Andrew Blokland defaulted. Garrett Blokland filed an answer in the case and contested the note, contending that he knew nothing about the execution of the note, and that if it was executed, it was done without his knowledge or consent, and that Andrew Blokland had no authority to execute the note for the partnership; that it was not within the scope of partnership business; that it was not given for the purpose of the firm; and that the proceeds thereof were not used in the firm business.                    AFFIRMED.

For appellant there was a brief and oral argument by *Mr. E. R. Ringo.*

For respondent there was a brief over the name of *Messrs. Green & Hess,* with an oral argument by *Mr. R. J. Green.*

BEAN, J.—1. The first error complained of by appellant arises out of the refusal of the court to admit in evidence a copy of a letter written by Garrett Blokland's attorneys, in which they denied, on behalf of their client, any knowledge of the note.

On February 15, 1926, appellant received a letter from a Colorado attorney, representing the plaintiff, calling attention to the note and requesting the appellant to take care of the obligation. After the appellant testified to the receipt of the letter, and that he took it to Mr. Ringo, his attorney, and that he directed him to answer the letter, a copy of the letter was offered in evidence. Upon objection by plaintiff's counsel, it was excluded by the court. The letter advised plaintiff that Mr. Garrett Blokland disclaimed any knowledge of the execution of this note and denied any liability upon it. The same matter is contained in the answer of appellant. It was not competent testimony, but was in the nature of self-serving written statement and was properly excluded: *Maeder Steel Prod. Co.* v. *Zanello,* 109 Or. 562, 577, 578 (220 Pac. 155); 22 C. J., § 193, p. 220.

2. The appellant claims that as the letter from plaintiff's attorney was received in evidence it would only be fair that the answer thereto be admitted. The letter from plaintiff's attorney was introduced by defendant Andrew Blokland without objection. It tended to prove no issue in the case and was after-

ward withdrawn from the jury by the court. There was no error in excluding the letter.

3. Appellant assigns error of the court in giving the following instruction to the jury:

"I instruct you, Gentlemen of the jury, that if you find from the evidence in this case that at the time of the execution of the note in question, Andrew Blokland and Garrett Blokland were engaged in the business of buying and selling cattle, then I instruct you that this would constitute what is known in law as a trading partnership, and I instruct you that one of the incidents of a trading partnership is the right to borrow money for the purposes of the business, and in this connection if you find from the evidence that Andrew Van Blokland borrowed money from the plaintiff and executed the note in question for the purpose of the business, and that at that time they were engaged in the business of buying and selling cattle, then your verdict must be for the plaintiff."

The objection urged against this instruction is that it is not warranted by the evidence. The testimony indicated that the two defendants had for a long time prior to the date of the note in suit been engaged as partners in extensive farming and stock-raising, and buying and selling registered cattle. That for such purposes they often borrowed large sums of money and gave notes in the firm name; that the money evidenced by the note in suit was borrowed and used for the partnership purposes with the knowledge and acquiescence of the appellant; that when the partnership was dissolved, after the execution of the note, in the settlement of the affairs and dividing the liabilities, it was agreed that Andrew Blokland would assume and pay the note. The latter transaction tended strongly to show that the appellant ratified and received the benefit of the trans-

action pertaining to the note. We think the charge to the jury, taken with the other instructions, was applicable and proper.

4. A trading or commercial partnership is one whose business consists of buying or preparing for sale and selling commodities for profit: Shumaker on Part. (2d) 78; *Smith* v. *Collins,* 115 Mass. 388. It is not essential that buying and selling be the sole purpose of the firm, nor its most characteristic feature in order to constitute a trading partnership: Ann. Cas. 1916A, 206; *March* v. *Wheeler,* 77 Conn. 449 (59 Atl. 410, 107 Am. St. Rep. 40).

5. The power of one partner to pledge the credit of the partnership in the issuance of commercial paper is implied with respect to trading or commercial partnership: 20 R. C. L., p. 900, § 111; 1 Lindley on Part. (2d), p. 307 et seq.

6. Exception was saved to the following instruction:

"I instruct you that even though you believe from the evidence in this case, that Andrew Blokland was not authorized to execute the note in question, but if you find from the evidence that the plaintiff loaned money to said Andrew Blokland at the time of the execution of said note and that said money was received by the partnership, and used in the partnership business with knowledge of the defendant Garrett Blokland, then I instruct you that your verdict must be for the plaintiff."

Andrew Blokland testified that the defendant Garrett Blokland knew of this particular note at the time the money was borrowed and that it was again referred to at the time of the dissolution of the partnership. He further testified that this money was placed to Blokland Brothers' account and that it was used in

expenditures by Blokland Brothers. This instruction must be taken in connection with the further admitted fact that the note in question was executed in the name of the partnership by Andrew Blokland. This instruction relates to the matter of ratification of the note transacted by Garrett Blokland.

7, 8. Partnership is a branch of the law of agency. Each partner is the agent of the other: 2, C. J. 425, § 12. If one partner does an act which is not within the scope of his express or implied power, if the other partner ratifies the unauthorized transaction, it will bind him or the firm: 20 R. C. L. 888, § 99.

9. The appellant could not ratify the act of his partner in receiving and using the money for the benefit of the partnership business, and accept the fruits of the transaction, and repudiate the obligation incurred in obtaining such benefits: Mechem, Agency, §§ 128, 130; *McLeod* v. *Despain,* 49 Or. 536, 552 (90 Pac. 492, 92 Pac. 1088, 124 Am. St. Rep. 1066, 19 L. R. A. (N. S.) 276); *La Grande Nat. Bank* v. *Blum,* 27 Or. 216 (41 Pac. 659). See, also, 30 Cyc. 510, 511.

10, 11. The charge in regard to ratification was correct. The following charge to the jury is excepted to by appellant, viz.:

"I instruct you that the defendant Garrett Blokland admits in his answer that about the 1st day of April, 1921, he and Andrew Blokland were engaged in farming and stock raising in Union County, under the firm name and style of Blokland Brothers, and in this connection I instruct you that if you find from the evidence, that said partnership in the course of its business repeatedly borrowed money and executed negotiable promissory notes therefor, and that the same was necessary in the conduct of the partnership business, then I instruct you that the action of

Andrew Blokland in signing the note in question would be within the scope of the partnership business, and that the defendant Garrett Blokland is liable therefor, even though he did not know of the signing of the note at the time the same was executed by Andrew Blokland."

In order to determine the scope, or apparent scope, of authority of a partner to bind the firm, recourse may be had to past transactions indicating a custom or course of dealing peculiar to the partnership: 20 R. C. L., p. 885, § 96; 30 Cyc. 504. In order to show that the act of Andrew Blokland in emitting the partnership note was binding upon the partnership, testimony was introduced tending to show, and it seems to be admitted that the firm for a long time had been in the habit of borrowing money at the bank and executing negotiable notes in the firm name. The testimony indicates that the regular business of this firm in conducting a large ranch and raising and selling blooded livestock all over the country and also buying some cattle for such purposes, necessitating the use of many thousands of dollars, and using the credit of the firm in borrowing the same, was quite different from that of a nontrading firm operating an ordinary farm as appellant claims this partnership's business was. Appellant cites *McManus* v. *Smith,* 37 Or. 227 (61 Pac. 844), showing the rule as to a nontrading firm which was publishing a small newspaper. Appellant also cites *Ah Lep* v. *Gong Choy and Gong Wing,* 13 Or. 205 (9 Pac. 483), to sustain his contention. The latter case did not involve the execution of a promissory note in the firm name. There was nothing showing that the money claimed to be a loan to the firm was ever used for or went into the partnership concern.

The charge to the jury, taken as a whole, fairly submitted the issues to them. The evidence indicated, and the jury apparently found, that the plaintiff was warranted in believing that Andrew Blokland had authority to execute the note in suit in the firm name, and that he had such authority; that Garrett Blokland had knowledge of the transaction and assented thereto.

Finding no error in the record the judgment is affirmed.                                        AFFIRMED.