## CALIFORNIA BAG AND METAL CO. and A. VICTOR ROSENFELD *v.* STATE TAX COMMISSION

Morton Zalutzky of Morrison and Bailey, Portland, Oregon, filed a brief for plaintiffs.

John C. Mull, Assistant Attorney General, Salem, Oregon, filed a brief for defendant.

Decision for defendant rendered May 26, 1967.

EDWARD H. HOWELL, Judge.

The plaintiffs complain of the action of the Multnomah County Assessor and Sheriff who changed the tax rolls pertaining to plaintiffs' property for 1960-61 through 1965-66 for the reason that certain errors appeared on the rolls. On appeal to the defendant commission the action of the assessor and sheriff in changing the rolls was upheld and plaintiffs have appealed the order of the tax commission.

The issues are before this court on the commission's demurrer to the plaintiffs' complaint. The complaint alleges that until February 25, 1965, the record title holder of the property involved was California Bag and Metal Company, a partnership consisting of Maurice J. and A. Victor Rosenfeld; that plaintiff A. Victor Rosenfeld purchased Maurice's interest and became the record title holder on February 25, 1965; that on October 25, 1965, the assessor and sheriff changed the rolls purportedly to correct an error in the assessment of the improvements in the property for the years 1960 to 1965 (which change increased the value of the improvements); that plaintiff paid the taxes for 1965-66 based on the "corrected assessment" and plaintiff changed "his position in reliance upon the tax rolls which existed prior to October 25, 1965, by paying the taxes based on the 'corrected' assessment for the tax years 1960-61 through 1964-65." Plaintiff also alleges that he "relied in good faith upon the assessment of the Property when he purchased Maurice J. Rosenfeld's interest in the Property."

Plaintiff attached a copy of defendant's opinion and order to his complaint.

The order of the tax commission recites that prior to September 8, 1965, after the roll was equalized for the 1965-66 tax year, the assessor discovered a clerical error had been made in 1960; that notice was given plaintiff of the intention to correct the rolls from 1960-61 through 1965-66 and after such notice the rolls were corrected pursuant to ORS 311.205.

The plaintiff and the tax commission have accepted the following statement from the order of the tax commission regarding how the error was made:

"* * * The error made with respect to the 1960-61 tax year was the application of the 45 percent ratio as used in the 1959-60 tax year to the true cash value of the 1960-61 tax year, and then, after the application of the 45 percent ratio, the correct 50 percent ratio was applied to that amount, yielding an amount equal to 18 percent of true cash value rather than 40 percent of true cash value. Similarly, the 45 percent ratio, together with the posted ratio, was erroneously applied to the true cash value in each of the years 1961-62 through 1965-66, thereby arriving at an assessed valuation equal to 45 percent of the correct assessed valuation."

Plaintiff contends that ORS 311.220(1) prevents the rolls from being changed to affect him. That subsection states:

"(1) No grantee, mortgagee or other person, other than the owner of property on the date that any tax became a lien and charge on such real property, who has relied in good faith upon the entries appearing upon any tax roll in the hands of the tax collector or has changed his position in reliance upon such tax record, shall be in any way prejudiced by any corrected entry made by the tax col-

lector on such tax roll in pursuance of law or be held liable for the payment of any tax shown on such tax roll as paid prior to the corrected entry."

■ Plaintiff's allegations in the complaint that he relied in good faith on the old tax rolls and changed his position in reliance upon the tax records could be considered conclusions of law. However, the basic issue is whether ORS 311.220 prevents the correction of the rolls as to Victor Rosenfeld because he purchased the other partner's interest in the subject property. The obvious intent of ORS 311.220 is to protect a bona fide purchaser who has relied upon the tax rolls from being prejudiced by subsequent changes in the rolls because of errors by the taxing authorities.

■ Prior to February 25, 1965, the title to the subject property was in California Bag and Metal Co., the partnership. ORS 68.420(1) of the Uniform Partnership Law provides:

"(1) A partner is co-owner with his partners of specific partnership property, holding as a *tenant in partnership*." (Emphasis supplied.)

See also *Claude v. Claude,* 191 Or 308, 330, 228 P2d 776, 230 P2d 211 (1951). Generally each partner is an agent of the partnership for the partnership business. ORS 68.210; *Maasdam v. Van Blokland et al,* 123 Or 128, 135, 261 P 66 (1927). Notice to or knowledge of a partner with respect to the firm's business is notice to or knowledge of all partners. ORS 68.240; *Northwestern T. Co. v. Investment Co.,* 81 Or 75, 80, 158 P 281 (1916); 68 CJS 675, Partnerships § 175; 40 Am Jur 236, Partnerships § 150. Plaintiff's position that he relied in good faith on the tax rolls when he purchased his brother's interest cannot be sustained because he was a co-owner of the partnership

property as a tenant in partnership and charged with notice. Under the circumstances of this case a partner purchasing the interest of his other partner cannot contend that he is a purchaser in good faith within the intent of ORS 311.220. To hold otherwise would put plaintiff in a better position with respect to the taxes against the property after the purchase than he was prior to such purchase.

■ Next, although it is not clearly apparent from the complaint, the plaintiff seems to contend that the change in the rolls was not based upon "errors or omissions of any kind" as required by ORS 311.205. However, the plaintiff accepts the statement of the tax commission in its opinion and order that the error occurred from the application of an improper ratio. Moreover, in his brief the plaintiff states that the error "occurred in multiplying." Under these circumstances it is difficult to follow plaintiff's argument that the assessor was not correcting an error in the rolls within the meaning of ORS 311.205. However, the power to correct the rolls to conform to the facts is not limited to mere clerical errors. *State ex rel v. Smith et al,* 197 Or 96, 108, 252 P2d 550 (1953). The tax commission is correct in its position that after the true cash value of the property has been determined the application of the proper ratio to determine assessed value and the application of the millage rate are mechanical arithmetical processes as far as the assessor and tax collector are concerned. The error was the type contemplated by ORS 311.205.

Plaintiff's final argument is that that part of ORS 311.205 permitting the correction of errors or omissions to be made to the rolls for "any year or years not exceeding five years prior to the last roll so returned" precludes the changing of the rolls for any

year or years prior to 1965-66 which is the last year involved. Before making the corrections on the rolls from 1960-61 through 1965-66, the plaintiff was given notice on September 8, 1965. The plaintiff paid the taxes for the tax year 1965-66 based on the corrected assessment.

The provisions in ORS 311.205 allowing the officer in charge of the rolls to go back not exceeding five years prior to the last roll and make corrections thereto was first enacted by Or L 1965, ch 344. Prior to 1959 ORS 311.205 allowed the officer in charge of the roll to correct errors or omissions on the roll but did not allow for any corrections of past rolls. Or L 1959, ch 181, § 2, added the following language to ORS 311.205:

> "* * * No change or correction shall be made to the assessment roll for the current assessment year where any request or order of the State Tax Commission issued under ORS 306.090 or 306.130 is made or mailed later than July 31 of such year. Such change or correction, if made at all, shall be made first on the assessment roll for the following assessment year."

In 1961 the legislature, by enactment of Or L 1961, ch 234, § 1, deleted the last sentence above.[1]

---

[1] In commenting about this change the tax commission issued the following note:

"(Editor's note: In 1959 this section was amended to take from the State Tax Commission completely the power to change or correct the assessment roll for the current assessment year after July 31 of such year. However, experience showed that gross hardships in individual cases sometimes came to light after July 31, and so the section was again changed in 1961 to provide that in the case of a *separate* assessment of property, change could still be made by order of the State Tax Commission up to and including December 31 of the current assessment year; the prohibition as to changes or corrections applicable to all the property of a given class continues.)" LSA-VI-1.

■■ If the error affecting plaintiff's property had been discovered prior to the 1965 amendment to ORS 311.205 the officer in charge of the rolls would not have been allowed to go back five years to the tax year 1960-61 to correct the rolls. Unfortunately for plaintiff, however, the error was discovered and the rolls corrected in 1965 after the legislature had decided to allow the rolls to be corrected for five years past. Plaintiff's concern in this regard is clearly understandable. He argues that the amendment must be construed to act prospectively and to allow the change back to the 1960-61 rolls is to give a retroactive interpretation to the statute. The amendment clearly expresses the intention of the legislature to allow corrections to "be made to rolls for any year or years not exceeding five years prior to the last roll so returned." It is true as a general rule that statutes are to be construed to operate prospectively unless the intention to make them retroactive is clear. *Reynolds Metal v. Tax Com.*, 245 Or 156, 421 P2d 379 (1967); *Lommasson v. School Dist. No. 1*, 201 Or 71, 267 P2d 860, 267 P2d 1105 (1954); *State ex rel Pierce v. Slusher*, 119 Or 141, 248 P 358 (1926). Tax statutes, like other statutes, may be retroactive if the legislature clearly so intends. 2 Sutherland, Statutory Construction, (3rd ed 1943) § 2211. The legislature clearly allowed the taxing authority to correct errors and omissions on the rolls for five years past.

The order of the tax commission is affirmed.