Argued and submitted November 30, 1995, reversed and remanded with instructions May 1, 1996

## Lori WINTHER,
### formerly known as Lori Rust,
### *Respondent,*

*v.*

## VALLEY INSURANCE COMPANY,
### a corporation,
### *Appellant.*

### (9401-00704; CA A86743)

915 P2d 1050

I. Franklin Hunsaker argued the cause for appellant. With him on the brief were Jeremy E. Zuck and Bullivant, Houser, Bailey, Pendergrass & Hoffman.

Courtney W. Wiswall argued the cause for respondent. With her on the brief were Edwin C. Perry and Tonkon, Torp, Galen, Marmaduke & Booth.

Before Warren, Presiding Judge, and Richardson, Chief Judge, and Edmonds, Judge.

WARREN, P. J.

## WARREN, P. J.

Defendant appeals from a judgment awarding plaintiff damages for an alleged breach of its duty to defend plaintiff in a lawsuit brought by Janice McCaffrey, her former business partner. We hold that defendant did not have a duty to defend the lawsuit and therefore reverse and remand for entry of an order granting defendant's motion for summary judgment.

Plaintiff was formerly a partner in Divine Designs, a bridal store in Lake Oswego. In late 1990, she became involved in a dispute with McCaffrey, the other partner in the business. The dispute led to litigation in which McCaffrey and her husband sued plaintiff, her husband, and a third party on various claims, including slander and conversion. Plaintiff tendered the defense of the case to defendant, which had issued a general liability policy insuring the partnership and its partners. Defendant rejected the tender. After settling the lawsuit, plaintiff sued defendant for her costs of defense and recovered the judgment that defendant has appealed.

■ Determining whether an insurer has a duty to defend depends on two things: The terms of the policy and the plaintiff's complaint. If the complaint states a claim against the insured that could, without amendment, impose liability for covered conduct, the insurer has a duty to defend. *Ledford v. Gutoski*, 319 Or 397, 399-400, 877 P2d 80 (1994). We will first set out the relevant terms of the policy and then compare them to the allegations of McCaffrey's complaint.

■ The policy identifies "Janice McCaffrey & Lori Rust [plaintiff] DBA: Divine Designs" as the insured and designates the insured as a partnership. It provides that, if the insured is designated as a partnership, "[y]our members, your partners, and their spouses are also insureds, *but only with respect to the conduct of your business*." (Emphasis supplied.) The policy defines "personal injury" to include "[o]ral or written publication of material that slanders or libels a person"; it covers such personal injuries if they are caused by an offense "[a]rising out of the conduct of your business[.]" It

also covers property damage, which it defines to include "[l]oss of use of tangible property that is not physically injured."

In the slander claim, McCaffrey's complaint alleged that she and plaintiff were partners in Divine Designs at all relevant times and that, "at the Divine Designs business premises, Lori Rust, on at least two (2) separate occasions and in the presence of at least three (3) different people" stated that McCaffrey was dishonest and that McCaffrey altered invoices. She did not expressly allege that plaintiff made the statements in the course of the partnership business, but one could infer that the statements concerned McCaffrey's alleged misconduct in the partnership's affairs. The allegation in the complaint would also permit evidence that plaintiff made the statements as part of seeking redress for the losses that the partnership suffered from McCaffrey's alleged misconduct. Those inferences do not, however, permit a conclusion that plaintiff made the statements in the conduct of the partnership's business.

■      The business of a trading or commercial partnership, such as Divine Designs, is buying or preparing for sale and selling commodities for profit. *Maasdam v. Van Blokland et al.*, 123 Or 128, 134, 261 P 66 (1927). Although, as the court held in *Maasdam*, there are implied powers for a trading partnership to engage in activities that are incidental to the main partnership business, disputes between partners do not fit into that category. Such disputes do not involve dealing with suppliers or customers, arranging financing, renting space, hiring employees, or any of the many other activities that are necessary for the partnership to purchase or sell its goods. Rather, they involve the organization of the partnership and the relationships among its members; those things are part of the governance of the partnership, not the conduct of its business. They cannot create liabilities between the partnership and third parties; they involve only the liabilities of one partner to another. "[T]he business of the partnership does not include internecine legal strife." *Grossman v. American Family Mut. Ins. Co.*, 461 NW2d 489, 493-94 (Minn App ), *rev den* (Minn 1990). Defendant did not have a duty to defend the slander claim.

■    In the conversion claim, McCaffrey and her husband alleged that they were the owners of certain personal property, that on January 1, 1990, they loaned it to Divine Designs for temporary use, that plaintiff and her husband had had exclusive possession and control of the property since November 1, 1991,[1] that McCaffrey and her husband demanded its return on November 28, 1991, and that plaintiff and her husband refused to return it. The amended complaint sought the full value of the property together with punitive damages.

■    Those allegations do not assert that plaintiff acted in a partnership capacity in retaining the property. McCaffrey claimed only that she had loaned it to the partnership; she did not claim that *the partnership* failed to return it. Rather, she alleged that plaintiff and her husband, as individuals, had exclusive possession of the property and had failed to return it. Plaintiff's husband, of course, was not even one of the partners. Even if it were possible to construe the complaint as alleging that plaintiff had acted in her capacity as a partner, the conversion claim, like the slander claim, is a dispute between the partners rather than part of the conduct of the partnership business. Defendant did not have a duty to defend that claim.[2]

Reversed and remanded with instructions to grant defendant's motion for summary judgment.

---

[1] The references to November 1991 in this claim must actually be to November 1990; the relevant complaint in McCaffrey's action against plaintiff was filed in April 1991.

[2] Finally, nothing in the complaint in the underlying action showed that there had been a partnership accounting, which is a prerequisite to an action at law between the partners. *Troutman v. Erlandson*, 287 Or 187, 197-200, 598 P2d 1211 (1979); *Moffatt v. Harden*, 58 Or App 505, 508-09, 648 P2d 1311, *rev den* 293 Or 653 (1982). Rather, the complaint alleged that plaintiff and McCaffrey were partners at all times. It is therefore questionable whether McCaffrey could have stated a claim against plaintiff even if plaintiff's alleged wrongdoing had occurred in the conduct of partnership business.